PD-0315-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/22/2015 4:17:06 PM
Accepted 4/23/2015 10:09:46 AM
ABEL ACOSTA
CLERK

**PETITION FOR DISCRETIONARY REVIEW**
OF
**NO. 01-11-00210-CR**

**IN THE COURT OF CRIMINAL APPEALS**

---

**WALTER EARL TAYLOR**
*Appellant*

**v.**

**THE STATE OF TEXAS**
*Appellee*

---

On Appeal from Cause Number 10CR1215
From the 56th District Court of Galveston County, Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

---

APRIL 22, 2015

**DAVID SUHLER**

P.O. Box 540744

Houston, Texas 77254-0744

(713) 522-1220

Bar Card No. 19465900

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

April 23, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                    Mr. Walter Earl Taylor

TRIAL PROSECUTORS:                    Ms. Allison Lindblade
Assistant District Attorney
600 51st St., Ste. 1001
Galveston, TX 77551

Ms. Rebecca Russell
Assistant District Attorney
600 51st St., Ste. 1001
Galveston, TX 77551

DEFENSE COUNSEL AT TRIAL:        Ms. Andrea Harge Sadler
1110 N. Loop 336 East, Ste. 500
Conroe, Texas 77301

Mr. Jeffrey Gelb
2209 Ave. K
Galveston, Texas 77550

TRIAL COURT JUDGE:                   Hon. Lonnie Cox
56th District Court
Galveston County, Texas

COUNSEL ON APPEAL FOR APPELLANT:    David Suhler
P.O. Box 540744
Houston, Texas 77254-0744

COUNSEL ON APPEAL FOR APPELLEE:    Mr. Jack Roady
District Attorney
600 51st St., Ste. 1001
Galveston, TX 77551

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................. 2

TABLE OF CONTENTS ......................................................................................... 3

INDEX OF AUTHORITIES ...................................................................................... 5

STATEMENT REGARDING ORAL ARGUMENT ....................................................... 6

STATEMENT OF THE CASE ................................................................................... 6

STATEMENT OF PROCEDURAL HISTORY .............................................................. 6

GROUNDS FOR REVIEW........................................................................................ 6

STATEMENT OF FACTS......................................................................................... 7

SUMMARY OF THE ARGUMENT ........................................................................... 9

ARGUMENT....................................................................................................... 11

    GROUND ONE.......................................................................................... 11
    MR. TAYLOR'S DUE PROCESS RIGHTS WERE VIOLATED BECAUSE A FORENSIC
    SCIENTIST DID NOT FOLLOW ACCEPTED STANDARDS WHEN ANALYZING
    EVIDENCE AND THEREFORE THE RESULTS OF HIS ANALYSES ARE
    UNRELIABLE. ........................................................................................... 11
    GROUND TWO.......................................................................................... 11
    LEGISLATIVE INTENT AND STATUTORY INTERPRETATION RULES MAKE CLEAR
    THAT A STATE JAIL FELONY SHOULD NOT BE USED TO ENHANCE
    PUNISHMENT TO A HABITUAL OFFENDER LEVEL. ......................................... 11
    *The prior statute is ambiguous.*................................................................ 12

    *The interpretation from the ruling in Samaripas leads to absurd results.*.... 13

    *State jail felony punishments always derive from* TEX. PEN. CODE *§ 12.35.*14

    *The terms 'felony' and 'state jail felony' are mutually exclusive.* .................. 14

    GROUND THREE ...................................................................................... 15
    THIS COURT'S RULING IN *SAMARIPAS* IS INCONSISTENT WITH PRIOR RULINGS.
    THE RULING IN *SAMARIPAS* DID NOT OVERRULE THOSE CASES, AND NEEDS
    CLARIFICATION.......................................................................................15
    *The rulings in Samaripas and Campbell are inconsistent.*............................ 15

    *The rulings in Samaripas and Webb are inconsistent.*................................. 16

    *The ruling in Samaripas is inconsistent with Ford and Reinke.*.................... 16

*Policy concerns support disallowing this enhancement.*................................ 17

PRAYER FOR RELIEF ......................................................................................... 19

APPENDICES ...................................................................................................... 20

# INDEX OF AUTHORITIES

## Cases

*Arriola v. State*, 49 S.W.3d 374, 375-76 (Tex. App.—Fort Worth 2000, pet. ref'd) ...... 17

*Baird v. State*, 398 S.W.3d 220, 229 (Tex.Crim.App.2013) ............................................... 12

*Campbell v. State*, 49 S.W.3d 874 (Tex.Crim.App.2001) ..............................................passim

*Ex Parte Patrick Lynn Hobbs*, AP-76, 980 (Tex.Crim.App. March 6, 2013)................9, 11

*Ex Parte Reinke*, 370 S.W.3d 387 (Tex. Crim. App. 2012) ....................................10, 16, 17

*Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011)...........................................10, 16, 17

*Hadnot v. State*, 851 S.W.2d 378, 379 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd)

............................................................................................................................................ 17

*Samaripas v. State*, --- S.W.3d ---- (Tex.Crim.App.2014).............................................passim

*State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997) ............................................... 14

*State v. Webb*, 12 S.W.3d 808 (Tex.Crim.App.2000)..............................................10, 12, 16

## Statutes

TEX. PEN. CODE § 12.35 ...................................................................................................9, 14, 15

TEX. PEN. CODE § 12.42 ......................................................................................................passim

## Other Authorities

Bill Analysis, H.B. 3384 Engrossed Version, 82nd Leg. R.S. (May 19, 2011) ................ 12

Linda D. Jellum & David Hricik, *Modern Statutory Interpretation* 94 (2nd ed. 2009) ....... 12

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

## STATEMENT OF THE CASE

Mr. Taylor was charged with possessing 4-200 grams of cocaine with two enhancement counts, one being a prior state jail felony possession of cocaine. (C.R. at 2). Taylor entered a plea of "not guilty." (C.R. at 5). After a jury trial, Taylor was found guilty and sentenced by a jury to twenty five (25) years in prison. (C.R. 90). Taylor filed a motion for new trial. (C.R. 105-07). The trial court denied this motion. (C.R. 6).

## STATEMENT OF PROCEDURAL HISTORY

Taylor timely appealed his case, and the trial court's ruling was affirmed by the Court of Appeals for the First District of Texas on November 29, 2012. Taylor filed a motion for rehearing on January 2, 2013, which was granted on September 3, 2014. The same panel issued a new opinion, again affirming the trial court's ruling on February 19, 2015, basing its decision on this court's ruling in *Samaripas v. State*, --- S.W.3d ---- (Tex.Crim.App.2014).

## GROUNDS FOR REVIEW

### GROUND ONE

**MR. TAYLOR'S DUE PROCESS RIGHTS WERE VIOLATED BECAUSE A FORENSIC SCIENTIST DID NOT FOLLOW ACCEPTED STANDARDS WHEN ANALYZING EVIDENCE AND THEREFORE THE RESULTS OF HIS ANALYSES ARE UNRELIABLE.**

## GROUND TWO

**SHOULD STATUTORY INTERPRETATION RULES AND ORIGINAL INTENT AND PURPOSE OF THE ENHANCEMENT STATUTES ALLOW THE USE OF A STATE JAIL FELONY FOR ENHANCEMENT TO A HABITUAL OFFENDER LEVEL?**

## GROUND THREE

**THIS COURT'S RULING IN *SAMARIPAS* CREATED INCONSISTENT INTERPRETATIONS THAT NEED TO BE CLARIFIED.**

## STATEMENT OF FACTS

The lab technician involved in this case was Jonathan Salvador. He was discharged from DPS for not following accepted standards when testing drug evidence.

The trial court applied two enhancements to the punishment of Mr. Taylor at his trial. (C.R. 2). The first is a 2004 conviction for intent to deliver a controlled substance. (C.R. 2). The second is a 2009 conviction of mere possession of a controlled substance. (C.R. 2). This petition only brings into question this second enhancement.

In 2009, Mr. Taylor was convicted of possession of a controlled substance. (Appendix C pg. 2). An information was filed on March 9, 2009 and included two enhancements. (Appendix C pg. 1). Mr. Taylor was convicted just one day later to two years in prison. (Appendix C pg. 2). On his conviction judgment, in the slot for a defense attorney, the name Troy Pradia is crossed out and Bill Leathers is written next

7

to that cross out. (Appendix C pg. 2). Within 24 hours, Mr. Taylor had an information filed against him, an attorney appointed (with questions as to who was appointed), and pled guilty with a two year sentence. (Appendix C pg. 2). This offense was a state jail felony, with his punishment enhanced to that for a second degree felony.

However, the paperwork and clerk's website indicate this charge was a second degree felony. In 2009, the trial court, district clerk, and whoever was actually present as Mr. Taylor's defense counsel did not ensure that the charge was input as a state jail felony with his punishment enhanced to a second degree felony.

The trial court in Mr. Taylor's present case used this charge as if it was a second degree felony for enhancement of punishment. This made Mr. Taylor a habitual offender, with a minimum sentence of 25 years in prison.

Jonathan Salvador's improper forensic testing in this case led to a violation of Mr. Taylor's due process rights. *Ex Parte Patrick Lynn Hobbs*, AP-76, 980 (Tex.Crim.App. March 6, 2013).

The statute at question is ambiguous for three reasons. Because of the ambiguity, this court should follow legislative history. The legislative history for the amended statute shows that the current wording of the statute makes its effect more clear than before. The clarified statute shows that the legislature never intended a non-aggravated state jail felony to be used for felony enhancement resulting in habitual offender punishment.

Even if this court finds the statute to be unambiguous, the interpretation put forth by the first court of appeals and by this court's ruling in *Samaripas v. State*, --- S.W.3d ---- (Tex.Crim.App.2014) would lead to absurd results, as exemplified by this case.

Even if this court finds that only the plain meaning of the statute will apply, this court's interpretation in *Samaripas* and the first court of appeals' interpretation do not analyze all the words of the statutes to apply plain meaning. TEX. PEN. CODE § 12.42(e) only <u>excludes</u> potential enhancements. TEX. PEN. CODE § 12.35 creates the original power for punishment and it should be analyzed as well as the plain language of the titles of the applicable sections. Further, the courts in these two cases have

ignored the plain meaning that the words 'felony' and 'state jail felony' are mutually exclusive.

Even if this court finds the statutes in question are unambiguous and will only analyze the word 'punished' from § 12.42(e), implications from this court's rulings in *Campbell v. State*, 49 S.W.3d 874 (Tex.Crim.App.2001) and *State v. Webb*, 12 S.W.3d 808 (Tex.Crim.App.2000) are directly inconsistent with its ruling in *Samaripas*. The ruling in *Samaripas* also does not follow the reasoning from the rulings in *Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011) and *Ex Parte Reinke*, 370 S.W.3d 387 (Tex. Crim. App. 2012). The first court of appeals based its opinion in this case on the ruling in *Samaripas*. Further clarification is needed to rectify these inconsistencies in the law.

Finally, policy considerations support disallowing an enhancement to the habitual offender level in this case.

**GROUND ONE**

**MR. TAYLOR'S DUE PROCESS RIGHTS WERE VIOLATED BECAUSE A FORENSIC SCIENTIST DID NOT FOLLOW ACCEPTED STANDARDS WHEN ANALYZING EVIDENCE AND THEREFORE THE RESULTS OF HIS ANALYSES ARE UNRELIABLE.**

A Department of Public Safety report (12 R.R. 43; Appendix A) shows that the lab technician who was solely responsible for testing the evidence in this case is the scientist that committed misconduct. Even if there is evidence remaining that is available to retest in this case, that evidence was in the custody of the lab technician in question. His actions are not reliable; Mr. Taylor's custody was compromised, resulting in a due process violation. *Ex Parte Patrick Lynn Hobbs*, AP-76, 980 (Tex.Crim.App. March 6, 2013); 12 R.R. 43 (Appendix A).

**GROUND TWO**

**LEGISLATIVE INTENT AND STATUTORY INTERPRETATION RULES MAKE CLEAR THAT A STATE JAIL FELONY SHOULD NOT BE USED TO ENHANCE PUNISHMENT TO A HABITUAL OFFENDER LEVEL.**

This case is dictated by the prior enhancement statute found in TEX. PEN. CODE § 12.42(d) and (e). That enhancement statute was amended, effective Sept. 1, 2011. The most substantial legislative history for this amendment reads:

The parties note that legislation is needed to **clarify** the meaning [of] those provisions and to specify that **the felonies do not include state jail offenses that are not aggravated.** H.B. 3384 seeks to **remain true**

**to the intent of the legislature when it created** the lower-level category of state felony offenses and to retain the special treatment given to state jail offenses punishable as aggravated state jail felonies.

Bill Analysis, H.B. 3384 Engrossed Version, 82nd Leg. R.S. (May 19, 2011) (emphasis added) (see Appendix B).

### *The prior statute is ambiguous.*

Ambiguity exists in a statute if it "is reasonably susceptible to more than one understanding." *Baird v. State*, 398 S.W.3d 220, 229 (Tex.Crim.App.2013); *Samaripas v. State*, --- S.W.3d ----, *7 (Tex.Crim.App.2014) (Keller, P.J., dissenting). A statute is ambiguous if two different meanings could be interpreted from it. *Id*; Linda D. Jellum & David Hricik, *Modern Statutory Interpretation* 94 (2nd ed. 2009). The statute in question is ambiguous for three reasons:

1) This court's own judges applied at least two different meanings to the statute in the ruling in *Samaripas v. State*, --- S.W.3d ---- (Tex.Crim.App.2014) (see also Keller, P.J., dissent).

2) This court has applied different meanings to this statute in other cases. *See Campbell v. State*, 49 S.W.3d 874 (Tex.Crim.App.2001); *State v. Webb*, 12 S.W.3d 808 (Tex.Crim.App.2000).

3) The legislature realized it was ambiguous enough to require clarification through the need to pass an amendment. *See* H.B. 3384. Here, the legislature has clarified their statutory meaning by passing a new law since their intent was not met,

12

making it now easier for the courts to know their original intent. The legislator's original intent is to disallow such an enhancement as in this case.

Due to these signs of ambiguity, this court should look to extratextual factors to make its ruling on the interpretation of this statute. *Samaripas* (2014) (Keller, dissenting). In order to properly allow the enhancement in this case, this court must make an affirmative finding that the extratextual factors support the interpretation from the majority opinion in *Samaripas*. Once the purposes and legislative history of this statute are analyzed, this court should overrule *Samaripas* and not allow a non-aggravated state jail felony to enhance a felony to habitual offender level.

**The interpretation from the ruling in <u>Samaripas</u> leads to absurd results.**

Even if this court finds that the statute is not ambiguous, it should still look to the legislative history because the interpretation in the *Samaripas* majority opinion leads to absurd results. An example of the absurd results that are possible is shown in this case. Based on one word admittedly needing clarification in an enhancement statute, Mr. Taylor faced a minimum of <u>25 years</u> in prison instead of a <u>5 year</u> minimum. Further, if his offense occurred five months later, the new clarifying amendment would have been in effect and his enhancement would not be allowed.[1] The difference of <u>20 years</u> of a man's life due to the lack of clarification by our legislators and five months lag for that clarification is nothing short of absurd.

---

[1] This offense occurred in April 2011 and the amendment did not go in effect until September 2011. *See Taylor v. State*, No. 01-11-00210-CR (Tex.App.—Houston [1st Dist.] 2015)(footnotes 3 & 6).

13

***State jail felony punishments always derive from*** TEX. PEN. CODE § 12.35.

The ruling in *Samaripas* states that the prior state jail felony was punished under TEX. PEN. CODE § 12.42(a)(2). However, the punishment for non-aggravated state jail felonies always derives out of § 12.35(a). § 12.42 does not stand alone to completely replace § 12.35. § 12.35's punishment is always in existence when a state jail felony is involved, even if § 12.42 later comes on to add another penalty.

It is presumed that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *State v. Hardy,* 963 S.W.2d 516, 520 (Tex.Crim.App.1997). Therefore, the titles to the statutes in question have a purpose and effect. The titles of the two sections in question show that state jail felony punishments always come from § 12.35, entitled "State Jail Felony <u>Punishment</u>". The title to § 12.42 begins with the word <u>penalties</u>. Therefore, in § 12.42(e) (the section at question in *Samaripas*), when the legislature used the words "punished under Section 12.35(a)," they were referring to their same use of the word punishment in the title of § 12.35. They were not using the word "punished" to refer to the "penalties" of Sec. 12.42.

***The terms 'felony' and 'state jail felony' are mutually exclusive.***

When interpreting the enhancement statutes at question, this court's ruling and the use of the terms by the legislature throughout this section concludes that 'felony' and 'state jail felony' are mutually exclusive. *Campbell*, 49 S.W.3d at 878; TEX. PEN.

CODE § 12.35 & § 12.42. In this case, Mr. Taylor's punishment was enhanced by § 12.42(d), which only describes a "felony" as available to enhance punishment to habitual offender level. His prior state jail felony should not have been used.

In this court's ruling in *Samaripas*, as well as the first court of appeals' ruling in this case, the courts have used the word "punished" from § 12.42(e) to allow the enhancement. § 12.42(e) only excludes state jail felonies for use to enhance. No punishment at all is derived from § 12.42(e). Rather, the courts should look to the actual statute causing the enhancement in this case, § 12.42(d), which indicates that only felonies may be used to enhance.

## GROUND THREE

**THIS COURT'S RULING IN *SAMARIPAS* IS INCONSISTENT WITH PRIOR RULINGS. THE RULING IN *SAMARIPAS* DID NOT OVERRULE THOSE CASES, AND NEEDS CLARIFICATION.**

### The rulings in *Samaripas* and *Campbell* are inconsistent.

[S]ubsection [12.42](e) does not "specifically allow state jail felonies to be used for enhancement purposes under all of subsection (a)." Rather, it specifically bars the use of unaggravated state jail felony convictions punished under subsection 12.35(a) to enhance second-degree felonies (subsection 12.42(b)), first degree felonies (subsection 12.42(c)), or "a felony offense other than a state jail felony" (subsection 12.42(d)), but permits such enhancement by the use of aggravated state jail felony

15

convictions punished under subsection 12.35(c). This provision indicates the intent to **limit use of prior convictions for unaggravated state jail felonies for enhancement** to the uses provided by subsection 12.42(a)(1). We will not stretch its unambiguous language to where the statute's plain words do not go. *Campbell v. State*, 49 S.W.3d 874, 877 (Tex.Crim.App.2001) (emphasis added).

This court ruled in *Campbell* that the unambiguous meaning of § 12.42 disallowed the very enhancement that this court allowed based on the same "unambiguous" meaning in the *Samaripas* case. This direct inconsistency needs to be clarified.

**The rulings in <u>Samaripas</u> and <u>Webb</u> are inconsistent.**

"The level of specificity set out in these statutes suggests that the 'multiple enhancement' that the state asserts is not authorized.... had the legislature meant to provide 'multiple enhancement' of a non-aggravated state jail felony to 'habitual offender' punishment, it would have explicitly stated so." *State v. Webb*, 12 S.W.3d 808, 811-12 (Tex.Crim.App.2000). In this case, the state is using a non-aggravated state jail felony to enhance Mr. Taylor to "habitual offender" punishment. This is explicitly disallowed by the specificity of the statute and this court's ruling in *Webb*. This direct inconsistency needs to be clarified.

**The ruling in <u>Samaripas</u> is inconsistent with <u>Ford</u> and <u>Reinke</u>.**

16

Further, disallowing this type of enhancement is supported by more recent cases. *Ex Parte Reinke*, 370 S.W.3d 387 (Tex. Crim. App. 2012); *Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011). *Ford* and *Reinke* make clear a distinction exists between an enhanced punishment level and enhancing the level of offense. *Id.* An enhanced punishment range does not enhance the underlying offense. *Id.* In this case, the underlying state jail felony offense, even though its punishment was enhanced to a felony, should not be used as something other than a state jail felony for enhancement. *Id.*; s*ee also Arriola v. State*, 49 S.W.3d 374, 375-76 (Tex. App.—Fort Worth 2000, pet. Ref'd); *Hadnot v. State*, 851 S.W.2d 378, 379 (Tex. App.—Houston [1st Dist.] 1993, pet. Ref'd). This distinction between enhanced punishment and enhanced offenses supports disallowing the enhancement in this case.

**Policy concerns support disallowing this enhancement.**

Mr. Taylor was charged with possession of a controlled substance, a non-violent drug offense. Many legislators are pushing for criminal justice reform to prevent needless and expensive incarcerations when needs are more efficiently and effectively met through education and treatment programs. A growing recognition exists for the support of such initiatives over the more costly option of simply housing offenders in the prison system. A recent study conducted by Wilson Perkins Allen Opinion Research for the Texas Public Policy Foundation found that 61% of voters agree that we should spend more money on effective treatment programs

rather than spending more money on our prison system.[2] Overcriminalization and the added costs to taxpayers of unnecessarily holding people in prison longer are real problems and concerns. Refusing to follow intent by clinging to a 25 year minimum sentence instead of allowing the proper opportunity for a 5 year minimum sentence is imprudent of a court given the policy considerations. In this case, if the court follows the original intent of the enhancement statutes, public policy will be aided and the majority of Texans would be in thankful support of its decision which would save taxpayer dollars.

---

[2] David Reaboi, *New Poll Shows Voters Strongly Support New Justice Reforms in Texas*, March 9, 2015, http://rightoncrime.com/2015/03/new-poll-shows-voters-strongly-support-new-justice-reforms-in-texas/ (with Right on Crime Policy Director indicating, "Texans are clearly demanding a different solution to the state's criminal justice problems, especially when it comes to nonviolent offenders...The primary reason to adopt these policies is that they are the most cost-effective way to fight crime, but it is reassuring to see that average Texans recognize this as well.")

## PRAYER FOR RELIEF

For the foregoing reasons, we respectfully request this court to set aside the judgement in this case.

In the alternative, we request this court find the use of Mr. Taylor's non-aggravated state jail felony for enhancement improper and remand this case for further punishment findings.

Respectfully submitted,

David Suhler_____
**DAVID SUHLER**
Attorney for Appellant
State Bar No. 19465900
P.O. Box 540744
Houston, Texas 77254-0744
713-522-1220

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Appellant's Brief was mailed to the Appellate Division of the Galveston County District Attorney's office on the 22nd day of April, 2015.

David Suhler_____

## CERTIFICATE OF COMPLIANCE

This petition for discretionary review complies with Texas Rule of Appellate Procedure 9.4(i)(3) and contains 3,439 words.

# APPENDICES

**APPENDIX A**



# TEXAS DEPARTMENT OF PUBLIC SAFETY

STEVEN C. McCRAW
DIRECTOR
LAMAR BECKWORTH
BRAD RABLE
DEPUTY DIRECTORS

REGIONAL CRIME LABORATORY
12230 WEST ROAD
HOUSTON, TEXAS 77065-4523
Voice 281-517-1380     Fax 281-517-1395

## Drug Analysis Laboratory Report

### June 01, 2010



COMMISSION
ALLAN B. POLUNSKY, CHAIR
C. TOM CLOWE, JR.
ADA BROWN
JOHN STEEN
CARIN MARCY BARTH

R. Vela
Galveston Police Department
P.O. Box 17251
Galveston, Texas 77552-7251

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L2H-204308 | 201000027758 | 04/21/10 |

**Suspect(s)**
Golliday, William DOB 10/25/1985
Taylor, Walter DOB 07/23/1959



DEFENDANT'S
EXHIBIT

/

**Offense:** Controlled Substance Offense
**County of Offense:** Galveston (084)
**Evidence Submitted on:** April 27, 2010 in person from Steven Wilson

## Results of Analysis and Interpretation

| Exhibit | Net Weight | Conclusion |
|---|---|---|
| 1 | 0.55 grams | Contains Cocaine |
| 2A1 | 8.14 grams | Contains Cocaine (Plastic Baggie) |
| 2A2 | 27.86 grams | Contains Cocaine (Corner Pouches) |

Jonathan Salvador
Forensic Scientist
Texas DPS Houston Laboratory



APPENDIX B

# BILL ANALYSIS

Senate Research Center                                                    H.B. 3384
82R9397 AJZ-F                                              By: Madden (Whitmire)
                                                                 Criminal Justice
                                                                        5/19/2011
                                                                        Engrossed

## AUTHOR'S / SPONSOR'S STATEMENT OF INTENT

The Texas Legislature created a category of felonies known as state jail felonies nearly 20 years ago. This category was created to punish the lowest-level felony offenders in an effort to reserve state prison beds, one of the most expensive punishment resources, for increased incarceration of the most dangerous felons. Observers note, however, that amendments have been made to the state jail statute over the years that have enhanced the punishment of state jail felonies to the more serious ranges of punishment associated with first, second, and third degree felonies and that have classified more serious state jail offenses as aggravated offenses.

It is further noted by interested parties that if it is shown on the trial of a state jail felony offense that the defendant has previously been finally convicted of two state jail felonies, the offense may carry the punishment of a third degree felony or it may carry the punishment of a second degree felony if the individual has been previously convicted of two felonies and the second felony is for an offense that occurred subsequent to the first previous conviction becoming final. The parties note that legislation is needed to clarify the meaning those provisions and to specify that the felonies do not include state jail offenses that are not aggravated. H.B. 3384 seeks to remain true to the intent of the legislature when it created the lower-level category of state felony offenses and to retain the special treatment given to state jail offenses punishable as aggravated state jail felonies.

H.B. 3384 amends current law relating to the penalties for repeat and habitual felony offenders.

## RULEMAKING AUTHORITY

This bill does not expressly grant any additional rulemaking authority to a state officer, institution, or agency.

## SECTION BY SECTION ANALYSIS

SECTION 1. Amends the heading to Section 12.42, Penal Code, to read as follows:

> Sec. 12.42.   PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENDERS ON TRIAL FOR FIRST, SECOND, OR THIRD DEGREE FELONY.

SECTION 2. Amends Sections 12.42(a) and (b), Penal Code, as follows:

> (a) Requires the defendant to be punished for a felony of the second degree if, except as provided by Subsection (c)(2) (relating to requiring a defendant to be punished by imprisonment in the Texas Department of Criminal Justice (TDCJ) for life for certain crimes), it is *shown on the*

*trial of a felony* ⊙ of the third degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a) (relating to requiring an individual adjudged guilty of a state jail felony to be punished by confinement in a state jail for any term of not more than two years or less than 180 days, except if certain facts are shown on the trial of the offense).

Deletes existing text requiring the defendant to be punished for a third-degree felony if it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies. Deletes existing text requiring the defendant to be punished for a second-degree felony if it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final. Deletes existing text requiring a defendant to be punished for a  second-degree felony, except as provided by Subsection (c)(2), if it is shown on the trial of a state jail felony punishable under Section 12.35(c) (relating to requiring an individual adjudged guilty of a state jail felony to be punished for a third degree felony if it is shown on the trial of the offense that a deadly weapon was used or exhibited during the commission of or during immediate flight following the commission of the offense, and that the individual used or exhibited the weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited, or if the individual has previously been finally convicted of certain other felonies) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony.

(b)  Requires the defendant to be punished for a felony of the first degree, except as provided by Subsection (c)(2), if it is ⊙*shown on the trial of a felony* ⊙ of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), rather than requiring a defendant to be punished for a first degree felony if it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, except as provided by Subsection (c)(2).

SECTION 3.   Amends Section 12.42(c), Penal Code, by amending Subdivision (1) and adding Subdivision (5), as follows:

(1) Requires a defendant to be punished by imprisonment in TDCJ for life, or for any term of not more than 99 years or less than 15 years if it is ⊙*shown on the trial of a felony* ⊙ of the first degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), rather than requiring a defendant to be punished by imprisonment in TDCJ for life, or for any term of not more than 99 years or less than 15 years if it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony.

(5)  Prohibits a previous conviction for a state jail felony punishable under Section 12.35(a) from being used for enhancement purposes under Subdivision (2) (relating to requiring a defendant to be punished by imprisonment in TDCJ for life for certain crimes).

SECTION 4.  Amends Section 12.42(d), Penal Code, as follows:

(d)  Prohibits a previous conviction for a state jail felony punishable under Section 12.35(a) from

being used for enhancement purposes under this subsection.  Makes a nonsubstantive change.

SECTION 5.  Amends Subchapter D, Chapter 12, Penal Code, by adding Section 12.425, as follows:

Sec. 12.425.   PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENDERS ON TRIAL FOR STATE JAIL FELONY.  (a)  Requires a defendant to be punished for a felony of the third degree if it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a).

(b)  Requires a defendant to be punished for a felony of the second degree if it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final.

(c)  Requires a defendant to be punished for a felony of the second degree if it is shown on the trial of a state jail felony for which punishment may be enhanced under Section 12.35(c) that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a).

SECTION 6.  Repealer: Section 12.42(e) (relating to prohibiting a previous conviction for a state jail felony punished under Section 12.35(a) from being used for enhancement purposes in certain cases), Penal Code.

SECTION 7.  Makes application of this Act prospective.

SECTION 8.  Effective date: September 1, 2011.



APPENDIX C

39-09



SPN #0303982
CODE 35990014 TCIC #3532
J.P. #
CJIS TRACKING # 917-907-4510 A002

DEFENDANT: WALTER TAYLOR

ADDRESS: 1216 42ND ST

CITY AND STATE: GALVESTON, TX

FILING AGENCY: GPD—ROARK

CHARGE: POSSESSION OF A CONTROLLED
SUBSTANCE, TO – WIT: COCAINE

C/C:

BONDSMAN:

CAUSE NO. 09CR0724

DISTRICT COURT NUMBER: 10TH

LOCATION: JAIL

COMPLAINANT: ROARK

DATE FILED: 03/09/09

AMOUNT OF BOND: $

---

## AFFIDAVIT

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS**

PERSONALLY APPEARED before me the undersigned authority this Affiant, who after being by me duly sworn, deposes and says your Affiant has good reason to believe and does believe that one WALTER TAYLOR hereinafter styled Defendant, heretofore, on or about the 5TH day of MARCH, A.D., 2009, in the County of Galveston and State of Texas, did then and there intentionally and knowingly possess a controlled substance, to-wit: Cocaine in the amount of less than one (1) gram by aggregate weight including any adulterants and dilutants,

### FIRST ENHANCEMENT

And it is further presented that prior to the commission of the primary offense on 24TH day of APRIL, 1989, in Cause No. 051721301010, in 180TH DISTRICT COURT of Harris County, Texas, the said WALTER TAYLOR was convicted of the felony of BURGLARY OF A HABITATION- THEFT,

### SECOND ENHANCEMENT

And it is further presented in and to the said Court that, prior to the commission of the primary offense, on the 27TH day of APRIL, 2004, in Cause No. 04CR0209, in the 122ND DISTRICT COURT of Galveston County, Texas, the defendant was convicted of the of POSSESSION OF A CONTROLLED SUBSTANCE, TO-WIT: COCAINE IN A DRUG FREE ZONE,

Against the peace and dignity of the State.

Sworn to and subscribed before me, this 9TH DAY OF MARCH, A.D., 2009,

KURT SISTRUNK
CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS

AFFIANT

ASSISTANT CRIMINAL DISTRICT ATTORNEY
GALVESTON COUNTY, TEXAS

LATONIA D. WILSON
CLERK DISTRICT COURT
FILED
2:27 pm
MAR 0 9 2009
GALVESTON COUNTY, TEXAS

2009 MAR 2:27 AM

Coded

CASE NO. **09CR0724**  COUNT

INCIDENT NO./TRN: 917-907-4510 A002

2009 MAR 10 AM 9:49

THE STATE OF TEXAS § IN THE 10TH JUDICIAL

§

v. § DISTRICT COURT OF

§

§

WALTER TAYLOR § GALVESTON COUNTY, TEXAS

STATE ID NO.: TX03665762 §

## JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | Hon. David E. Garner | Date Judgment Entered: | March 10, 2009 |
|---|---|---|---|
| Attorney for State: | **HALEY SLOSS** | Attorney for Defendant: | ~~TROY PRADIA~~ Bill Leathers |

Offense for which Defendant Convicted:

**POSSESSION OF A CONTROLLED SUBSTANCE, TO-WIT: COCAINE**

| Charging Instrument: **INFORMATION** | Statute for Offense: **481.115 Health and Safety Code** |
|---|---|

Date of Offense:

March 5, 2009

| Degree of Offense: **2ND DEGREE FELONY** | Plea to Offense: **GUILTY** | Findings on Deadly Weapon: **N/A** |
|---|---|---|

Terms of Plea Bargain:

**TWO (2) YEARS INSTITUTIONAL DIVISION, TDCJ**

| Plea to 1st Enhancement Paragraph: | **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: | **TRUE** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **TRUE** | Findings on 2nd Enhancement/Habitual Paragraph: | **TRUE** |
| Date Sentence Imposed: | March 10, 2009 | Date Sentence to Commence: | March 10, 2009 |
| Punishment and Place of Confinement: | **Two (2) YEARS INSTITUTIONAL DIVISION, TDCJ** | | |

**THIS SENTENCE SHALL RUN CONCURRENTLY.**

☐ **SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .**

| Fine: $ N/A | Court Costs: $ 316⁰⁰ | Restitution: $ N/A | Restitution Payable to: ☐ **VICTIM** (see below) ☐ **AGENCY/AGENT** (see below) |
|---|---|---|---|

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

Codec
LP

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

**Time Credited:**

From 03/05/09 to 03/10/09  From _____ to _____  From _____ to _____

From _____ to _____  From _____ to _____  From _____ to _____

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS     NOTES: TOWARD INCARCERATION**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Galveston County, Texas**. The State appeared by her Criminal District Attorney.

### Counsel / Waiver of Counsel  (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court **FINDS** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Pre-sentence Investigation, if so ordered, was done according to the applicable provisions of *TEX. CODE CRIM. PROC. art. 42.12 § 9*.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options  (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of Galveston County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Galveston County Jail** for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Punishment reduced to a Class "A" Misdemeanor under Article 12.44 (a), Texas Penal Code.**

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the Galveston County, Texas **Galveston County and Pre-Trial Services.** Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Attachment "A" is attached hereto and incorporated herein for all purposes.**

**Furthermore, the following special findings or orders apply:**

Signed and Entered on this the **10th** day of **March**, A.D., 2009.

JUDGE PRESIDING
10TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

A copy furnished to the above named Defendant and noted in the Docket on this the 10th day of March, A.D., 2009.

**LATONIA D. WILSON, DISTRICT CLERK,
GALVESTON COUNTY, TEXAS**

BY: _____, DEPUTY
CLERK 10TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

DEFENDANT'S RIGHT THUMBPRINT

## ATTACHMENT A

STATE OF TEXAS

VS.

WALTER TAYLOR                         CAUSE NO. 09CR0724

( )   Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Court finds that the victim(s) of this crime is (are) owed restitution. Such restitution shall be ordered as a condition of parole.

VICTIM: _____    VICTIM: _____

ADDRESS: _____   ADDRESS: _____

_____   _____

AMOUNT: $ _____          AMOUNT: $ _____

( X )  Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to Latonia D. Wilson, District Clerk, of Galveston County, Room 404 Galveston County Courthouse, Galveston, Texas, $ _____ as reimbursement for court appointed attorney fees. Such fees shall be ordered as a condition of parole.

( X )  Pursuant to Article 42.18 8(g) and Article 102.1078, of the Texas Code of Criminal Procedure the Defendant is ordered to pay to Latonia D. Wilson, District Clerk, of Galveston County, Room 404 Galveston County Courthouse, Galveston, Texas, $ 316.00 for Court Costs. Such costs shall be ordered as a condition of parole.

( )   Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to Latonia D. Wilson, District Clerk, of Galveston County, Room 404 Galveston County Courthouse, Galveston, Texas, $ _____ as a fine. Such fine shall be ordered as a condition of parole.

( X )  Pay to the G.C.C.S.C.D. $ 25.00 as a Crime Stoppers Program payment to La Marque Crime Stoppers or Galveston Crime Stoppers. Such payment shall be paid (by _____ ) (in installments of $ _____ per month paid each month; Such repayment shall be ordered as a condition of parole.

( X )  Pursuant to Article 42.18 8(g), of the Texas Code of Criminal Procedure the Defendant is ordered to pay to the G.C.C.S.C.D. $ _____ to reimburse the County for extradition costs. Such costs shall be ordered as a condition of parole.

( X )  Attend and successfully complete a program designed to educate persons on the dangers of drug abuse pursuant to V.T.C.A. Transportation Code, Section 521.374.

( X )  The Defendant's driver's license will be suspended for 180 days and continue for an indefinite period up and until the Defendant completes the education program pursuant to V.T.C.A. Transportation Code, Section 521.372.



APPENDIX D



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00210-CR

———————————

**WALTER EARL TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Case No. 10CR1215**

---

## OPINION ON REHEARING

On September 3, 2014, this Court granted rehearing in this case and withdrew our judgment and opinion of November 29, 2012. We now issue this opinion and accompanying judgment in their stead.

A jury convicted appellant of possession of cocaine weighing between four and 200 grams.[1] Appellant pleaded true to two enhancements that alleged prior felony convictions, and the jury assessed punishment at 25 years' confinement.[2] In four issues on appeal, appellant contends that (1) he received ineffective assistance of counsel at trial; (2) the trial court submitted the wrong range of punishment to the jury; (3) the evidence was insufficient to prove one of the alleged enhancements; and (4) the trial court erred by refusing appellant access to the juror information cards. We affirm.

**USE OF NON-AGGRAVATED STATE JAIL FELONY PUNISHED AS SECOND DEGREE FELONY TO ENHANCE SECOND DEGREE FELONY**

Appellant pleaded true in the present case to two felony enhancement paragraphs. One of the enhancements—cause no. 09CR0724—a conviction for possession of cocaine, was described in the judgment as a second degree felony,

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(D) (providing that cocaine is penalty group one substance), 481.115(a),(d) (providing that possession of a penalty group one substance in an amount between four and 200 grams is a second degree felony) (Vernon 2010).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2011) (providing range of punishment between 25 and 99 years for felony conviction enhanced by two prior felony convictions).

and assessed a punishment at two years' confinement. Appellant argues that cause number 09CR0724 was a non-aggravated state jail felony conviction, which cannot be used to enhance his present second degree felony charge. Thus, in three related issues on appeal, appellant contends that (1) his counsel was ineffective for failing to object to the erroneous enhancement; (2) the trial court submitted the wrong range of punishment; and (3) the evidence was insufficient to prove that appellant was a habitual offender.

Determining the merits of appellant's complaint requires that we examine the application and interaction of the enhancement statutes involved.[3] In interpreting a statute, courts look to the literal text of the statute for its meaning and ordinarily give effect to that plain meaning, unless application of the statute's plain language would lead to absurd consequences that the legislature could not possibly have intended, or the plain language is ambiguous. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).

---

[3] The statutes involved in this decision were revised and reorganized in 2011, with an effective date of September 1, 2011. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, §§ 7–8, 2011 Tex. Gen. Laws 2104, 2104. Because this offense occurred on April 21, 2011, we apply the prior versions of these statutes. *Id.*

Former Penal Code sections 12.42(d)[4] & (e)[5] are the statutes under which the present second degree felony was enhanced and provide in relevant part as follows:

(d) [I]f it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal justice for life, or for any term of not more than 99 years or less than 25 years.

(e) *A previous conviction for a state jail felony **punished under Section 12.35(a)** may not be used for enhancement purposes under Subsections (b), (c), or (d).* (Emphasis added).

Thus, the question this Court must decide is whether cause no. 09CR0724 is a "state jail felony punished under Section 12.35(a)." *See* TEX. PENAL CODE ANN. § 12.35(a) (Vernon 2011) (defining punishment range for non-aggravated state jail felony). If it is a "state jail felony punished under Section 12.35(a)," it was improper to use it to enhance appellant's present felony conviction.

Cause no. 09CR0724 is a conviction for possession of less than 1 gram of cocaine, which is generally a state jail felony. *See* TEX. HEALTH & SAFETY CODE

---

[4]      Act of May 11, 2009, 81st Leg., R.S., ch. 87, § 25.150, 2009 Tex. Gen. Laws 208, 373, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 4, 2001 Tex. Gen Laws 2104, 2105 (current version at TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2011)).

[5]      Act of May 24, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2734–35, *repealed by* Act of May 25, 2011, 82nd Leg. R.S., ch. 834, §6, 2011 Tex. Gen. Laws 2104, 2105 (current version at TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2011)).

4

ANN. §§ 481.102(3)(d), 481.115(b) (Vernon 2010). Such non-aggravated state jail felonies are generally punished by a term of confinement in a state jail for a period of 180 days to 2 years. *See* TEX. PENAL CODE ANN. § 12.35(a) (Vernon 2011). As such, it would be improper to use a non-aggravated state jail felony to enhance a felony conviction. *See* former TEX. PENAL CODE ANN. § 12.42(e) (Act of May 24, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2734–35 (repealed 2011)).

However, the indictment in cause no. 09CR0724 also alleged two prior felony enhancements, so its punishment was elevated to a second-degree felony pursuant to former Penal Code article 12.42(a)(2), which provides:

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

Act of May 24, 1995, 74th Leg. R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2734–35, *amended by* Act of May 25, 2011, 82nd Leg., R.S. ch 834, § 2, 2011 Tex. Gen. Laws 2104, 2104 (current version at TEX. PENAL CODE ANN. § 12.425(b) (Vernon 2011)).

Appellant argues that, even though cause no. 09CR0724 was ultimately punished as a second degree felony, we should look to the crime charged—a non-aggravated state jail felony punishable under section 12.35(a)—to determine

whether the conviction can be used to enhance a subsequent felony conviction. The State responds that, because of the felony enhancements, cause no. 09CR0724 was not punished under section 12.35(a), but was punished only under former section 12.42(a)(2).

The Texas Court of Criminal Appeals recently considered this issue in *Samaripas v. State*, No. PD-135-13, ___S.W.3d___, 2014 WL 5247434 (Tex. Crim. App. Oct. 15, 2014). In *Samaripas*, the defendant was charged with a third-degree felony. *Id.* at *5. The State alleged two prior felony convictions, one a non-aggravated state jail felony that had been enhanced to a second degree felony. *Id.* On appeal, the defendant argued, like appellant does here, that although the punishment for the underlying offense had been enhanced, that did not enhance the level of the underlying offense, and therefore, it should have not been available to enhance his current offense. *Id.* at 6. The court of appeals rejected Samaripas's argument, noting that "[p]unishing a defendant more severely after repeated behavior that has escalated beyond the level of an unenhanced state jail felony offense is neither absurd, nor is its application[,]" and that "[h]ad the Legislature intended to exclude state jail felonies that received enhanced punishment under section 12.42(a)(2) from being used for enhancement, it would have done so." *Samaripas v. State*, No. 13-11-00442-CR, (Tex. App—Corpus Christi 2013), *aff'd in part, rev'd in part on other grounds*, *Samaripas v. State*, 446 S.W.3d 1, 13 (Tex.

6

Crim. App. Oct. 15, 2014).  The Court of Criminal Appeals agreed, stating as follows:

> We agree with the court of appeals that the plain language of the statute makes it clear that, at the time of Appellant's offense, Section 12.42(e) focused on how the previous state-jail felony was actually punished and precluded from use for enhancement only those state-jail felonies that had not been punished under the range of a higher felony.  Here, [Samaripas] was not punished under Section 12.35(a).  His prior state-jail felony had been enhanced, and he was punished for that offense under Section 12.42(a)(2).  Therefore, the prior offense was properly used for enhancement purposes, and the court of appeals did not err in overruling this issue.

*Samaripas*, 2014 WL 5247434, at *6.

As *Samaripas* makes clear, we must look at how the underlying offense was actually punished to determine whether it was proper to use it to enhance the current, charged offense.  Like the underlying offense in *Samaripas*, here the underlying non-aggravated state jail felony had been enhanced, and appellant was punished for that offense under section 12.42(a)(2).  Because the underlying offense was not punished under 12.35(a), the State was not precluded by section 12.42(e) from using that underlying offense for enhancement of the charged offense.[6]

---

[6]     We note that the legislature repealed 12.42(e) and recodified it in 12.42(d) which now provides that "A previous conviction for a state jail felony *punishable* under Section 12.35(a) may not be used for enhancement purposes under this subsection." TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2013) (emphasis added). The legislature has changed the word used in the exclusion from "punished" to "punishable." This is a "significant" distinction because enhanced

7

Accordingly, we overrule points of error two and three and the portion of appellant's ineffective assistance of counsel claim that is based on the same argument.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In the remaining issues raised in appellant's first point of error, he contends the trial court erred in denying his motion for new trial, which was based on allegations of ineffective assistance of counsel.

### *Standard of Review and Applicable Law*

We review the trial court's denial of a motion for new trial for abuse of discretion. *See State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). Therefore, "when analyzing the trial court's failure to grant a motion for new trial on the basis of ineffective assistance of counsel, we view the relevant legal standards through the prism of abuse of discretion." *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.) (citing *State v. Gill*, 967 S.W.2d 540, 542 (Tex. App.—Austin 1998, pet. ref'd)). A trial court abuses its discretion only when no reasonable view of the record would support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006).

---

non-aggravated state jail felonies could be used for felony enhancement under former 12.42(e) before the amendment, but now cannot. *Samaripas*, 2014 WL 5247434 at *6 n.5. "Had [appellant] committed the current offense after this amendment, it would not have been proper for his prior state-jail felony to be used for enhancement." *Id.*

Appellant has the duty to bring forth a record that affirmatively demonstrates the alleged ineffectiveness of his counsel by a preponderance of the evidence. *See Scheanette v. State*, 144 S.W.3d 503, 509–10 (Tex. Crim. App. 2004). In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in *Strickland v. Washington.* 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* standard for claims of ineffective assistance of counsel). Under *Strickland,* a defendant must show (1) that the counsel's performance was deficient and (2) that the defendant was prejudiced by the deficient performance. 466 U.S. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness" based upon "prevailing professional norms." *Strickland*, at 669, 688; *see also Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). An accused is not entitled to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Therefore, counsel's effectiveness is assessed from the perspective at trial, "without the distorting effects of hindsight." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Our review of counsel's performance must be highly deferential. *Strickland,* 466 U.S. at 689. We presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Id.*

*Failure to Impeach with Inconsistent Evidence*

When appellant's house was searched pursuant to a "no knock" warrant, Officers found a safe in the living room that contained crack cocaine and a large amount of money. At trial, Officer Vela testified that appellant had claimed ownership of the safe. However, another officer, Officer Roark, had filed an affidavit in a civil forfeiture case arising from the same offense in which he averred, "Ofc. Vela asked Mr. Golliday about the safe at which time he again advised the safe did not belong to him. Officer Vela then asked appellant about the safe. Mr. Taylor stated to Officer Vela that the safe did not belong to him even though it was found in his house in the living room." Appellant contends that trial counsel was ineffective for failing to impeach Officer Vela with the statements from Officer Roark's affidavit.[7] Specifically, appellant argues that "[t]he only testimony linking Mr. Taylor to the safe came from Officer Vela."

The State responds that even if trial counsel was deficient for failing to question Vela about Roark's affidavit, appellant cannot show that the outcome of the trial would have been different had she done so. We agree. The State did not

---

[7]     At the hearing on the motion for new trial, it was appellant's position that Roark had committed perjury by testifying at trial that appellant admitted owning the safe, and testifying to the contrary in his affidavit in support of the forfeiture proceeding. However, on review of the transcript from the trial, which was apparently not yet available at the time of the motion for new trial hearing, it is clear that Officer Vela, not Roark, testified at trial about appellant's admission that he owned the safe. Thus, there was never an issue of perjured testimony, but, at most, a conflict between the two officers' testimonies.

have the burden of proving that appellant owned the safe; it had only to prove that appellant had care, custody, control, or management of the drugs. *See* Tex. Health & Safety Code Ann. § 481.002(38) (Vernon 2010) (defining "possession").

Here, there was overwhelming evidence linking appellant to the drugs. The police conducted surveillance of Taylor's house and saw several people go in and leave within just a few minutes. This, the officers testified, was consistent with drug dealing. The officers then stopped one of the men that had been seen entering appellant's house and then leaving a short time later. The man had cocaine, and the officers believed that he had gotten the cocaine from appellant.

The officers then got a warrant and searched appellant's house. A man, Golliday, was on the couch in the living room. He was under the influence and had a cigar dipped in narcotics in his hand. Appellant was found in his bedroom. Appellant, too, was under the influence of drugs. The officers also found drug paraphernalia in appellant's bedroom.

In the living room, the officers also found a small safe. Golliday said the safe was not his and he did not have the key. However, he did tell the officers where the key was located. Inside the safe, the officers found more than cocaine and $285 in cash. The officers found mail with appellant's name on it indicating that he lived in the house. They found nothing to indicate that Golliday lived in the

house. This evidence affirmatively linked appellant to the drugs. *See Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (listing factors that may be considered as affirmatively linking defendant to narcotics). Whether appellant actually owned the safe is just one of many factors to be considered in determining appellant's link to the drugs.

In light of the substantial amount of other evidence linking appellant to the drugs, appellant cannot meet the prejudice prong of the *Strickland* test. *See Dennis v. State,* 151 S.W.3d 745, 752 (Tex. App.—Amarillo 2004, pet. ref'd) (holding overwhelming evidence of appellant's guilt negated reasonable probability that outcome would have been different but for counsel's alleged deficient performance).

### *Failure to Question Officers Regarding "No Knock" Warrant*

Appellant also argues that trial counsel was deficient for failing to question the officers about the necessity of a "no knock" warrant. Specifically, the affidavit in support of the warrant alleged that "there were several handguns inside the residence," but no weapons were found when the house was searched.

At the motion for new trial hearing, trial counsel testified that she was extremely cautious when questioning the officers about the warrant because she did not want to inadvertently "open the door" to the admission of appellant's many prior convictions. Trial counsel also testified that it was a part of her trial strategy

to keep appellant's prior convictions out of evidence, and the trial court had warned her that if she continued in her questioning regarding the necessity of a "no knock" warrant, those priors might come in.

To establish deficient performance under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *See Strickland*, 466 U.S. at 689; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). In light of trial counsel's reasonably articulated trial strategy regarding her decision not to question the officers further about the "no knock" warrant, appellant fails to meet the first prong of the *Strickland* test.

We overrule appellant's first point of error.

## ACCESS TO JUROR INFORMATION CARDS

In issue four, appellant contends that the trial court abused its discretion by failing to allow his counsel access to juror information cards. Specifically, appellant contends that (1) two jurors were not registered to vote, so they might not have been qualified to serve as jurors, and (2) he wanted to explore whether he could raise a *Batson* challenge.

### *Standard of Review and Applicable Law*

A trial court abuses its discretion when it acts without reference to any guiding rules and principles, or it acts in an arbitrary or capricious manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (citations

13

omitted). A trial court does not abuse its discretion if its ruling is at least within the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001); *Montgomery*, 810 S.W.2d at 391 (op. on reh'g).

By its terms, article 35.29 of the Texas Code of Criminal Procedure protects juror personal information. *See* TEX.CODE CRIM. PROC. ANN. art. 35.29 (Vernon Supp. 2014). When a defendant files a post-trial motion seeking discovery of jurors' personal information, "[h]e is not entitled to such information unless he shows good cause." *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (citing TEX. CODE CRIM. PROC. ANN. art. 35.29); *see Cyr v. State*, 308 S.W.3d 19, 29 (Tex. App.—San Antonio 2009, no pet.) (stating that article 35.29 "prohibits personal information about jurors from being disclosed after trial unless good cause is shown"). "What constitutes good cause must be based upon more than a mere possibility that jury misconduct might have occurred; it must have a firm foundation." *Id.* at 30; *Esparza v. State*, 31 S.W.3d 338, 340 (Tex. App.—San Antonio 2000, no pet.) (stating that "[w]hat constitutes good cause must necessarily be based upon more than a mere possibility that jury misconduct might have occurred").

In *Hooker v. State,* the appellate court stated that article 35.29's good-cause showing "must be based upon sworn testimony or other sufficient supportive evidence in the record." 932 S.W.2d 712, 716 (Tex. App.—Beaumont 1996, no

14

pet.); *see Valle,* 109 S.W.3d at 509 (stating that appellant's allegation "that he needed [the jurors'] personal information to determine whether he should file a motion for new trial . . . is not sufficient to establish good cause"), s*ee also Castellano v. State,* No. 04–06–00524–CR, 2007 WL 2935399, at *3 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op., not designated for publication) (holding that defendant had "reason to believe" juror misconduct had occurred was not sufficient to show good cause).

*Analysis*

In this case, appellant argued that he needed the juror information cards (1) to determine whether two jurors, who were not registered voters, were qualified to serve, and (2) to explore whether he could raise a *Batson* challenge. Regarding the first issue, the trial court properly noted, "There, of course, is no requirement that a Juror be a registered voter. So, there's only a requirement that a Juror be qualified and, in fact, expressly does not have to be registered[.]" *See* TEX. CODE CRIM. PROC. ANN. art. 33.02 (Vernon 2006) ("Failure to register to vote shall not disqualify any person from jury service."). There is nothing in the record to support appellant's assertion that the jurors "might" have been disqualified. Regarding the second issue, again, there is nothing in the record to support appellant's claim that he needed the cards "to determine if there was a basis for *Batson* challenge."

Appellant essentially argues that he needed the information cards "to present a motion for new trial to develop issues that were outside the record, namely, to determine if two people who served on the jury were qualified to serve, to review all the challenges for cause, and to determine if there was a basis for a *Batson* challenge." However, requesting juror cards to decide whether there is a basis for filing a motion for new trial is not a showing of good cause. *Valle,* 109 S.W.3d at 509.

Because appellant did not meet his burden of showing good cause to the trial court so as to be entitled to the juror information sought, the trial court did not abuse its discretion by denying appellant's request.

We overrule appellant's fourth point of error.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Publish.   TEX. R. APP. P. 47.2(b).

16