# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00728-CR

---

**Brandon Paul Viator, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 21ST DISTRICT COURT OF LEE COUNTY
### NO. 8277, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Pursuant to a negotiated plea agreement, appellant Brandon Paul Viator was placed on deferred adjudication community supervision for eight years after he pled guilty to deadly conduct. *See* Tex. Penal Code § 22.05(b)(2); Tex. Code Crim. Proc. art. 42A.101.[1] Two years later, the trial court granted the State's motion to adjudicate after finding that appellant had violated the conditions of supervision.[2] *See* Tex. Crim. Proc. Code art. 42A.108. The court revoked appellant's

---

[1] At the time appellant was placed on deferred adjudication community supervision, the statutes governing community supervision were codified in article 42.12 of the Code of Criminal Procedure. Effective January 1, 2017, the community supervision statutes were re-codified in chapter 42A of the Code of Criminal Procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, § 1.01, 2015 Tex. Gen. Laws 2321, 2321–65. Because the re-codification was a non-substantive revision of the community supervision laws, we cite to the current statutes in this opinion.

[2] The State's amended motion to adjudicate contained eight paragraphs alleging that appellant had violated the conditions of supervision in various ways, including committing the offenses of escape, evading arrest, unlawful possession of a firearm by a felon, and unlawful restraint; failing to pay the assessed fine; failing to pay supervision fees; failing to abide by the Federal Gun Control

community supervision, adjudicated him guilty, and assessed his punishment, enhanced pursuant to the habitual offender provision of the Penal Code, at 30 years' confinement in the Texas Department of Criminal Justice. *See id.* arts. 42A.108, 42A.110; Tex. Penal Code § 12.42(d).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant did not file a motion requesting access to the record, and, to date, has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the adjudication proceedings and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for

---

Act; and operating a motor vehicle without a valid driver's license. After hearing testimony at the adjudication hearing, the trial court found four of the eight alleged violations to be true.

2

review and the appeal is frivolous. Counsel's motion to withdraw is granted.[3] Through our independent review of the record, however, we note that the trial court's written judgment adjudicating guilt contains non-reversible errors.

First, the judgment states that appellant was convicted of a first-degree felony. However, appellant pled guilty to deadly conduct by discharging a firearm at or in the direction of a habitation, *see* Tex. Penal Code 22.05(b)(2), which is a third-degree felony, *see id.* § 22.05(e). While appellant pled true to the enhancement paragraphs of the indictment, which alleged two prior sequential felony convictions and resulted in appellant being punished as a habitual offender, *see id.* § 12.42(d), the punishment range, not the degree of offense, was enhanced. *See Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (noting Court of Criminal Appeals' prior recognition "that Penal Code Section 12.42 increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense") (citing *State v. Webb*, 12 S.W.3d 808, 811 n.2 (Tex. Crim. App. 2000)); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012) (drawing distinction between "enhancing the level of the offense and enhancing the level of punishment"). Thus, the trial court's judgment adjudicating guilt, which

---

[3] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

states that the offense is a first-degree felony, is erroneous. The judgment should reflect that appellant was convicted of a third-degree felony.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment adjudicating guilt to reflect that the degree of the offense for which appellant was convicted is a third-degree felony. *See Price v. State*, No. 03-16-00128-CR, 2017 WL 1534204, at *5–6 (Tex. App.—Austin Apr. 20, 2017, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect correct classification of convicted offense because punishment, not degree of offense, was enhanced to that of habitual offender).

Second, the judgment adjudicating guilt orders appellant to pay a "Court Appointed Attorney Fee" with a notation to "SEE BILL OF COSTS." The attached "BILL OF COST[S]" includes court-appointed attorney's fees in the amount of $400. A trial court's authority to order a defendant to repay the cost of court-appointed legal counsel is expressly conditioned on the court determining that the defendant has the financial resources and ability to pay. Tex. Code Crim. Proc. art. 26.05(g). The defendant's financial resources and ability to pay are explicit critical elements under article 26.05(g) that must be supported by the record evidence. *Mayer v. State,* 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

The record in this case reflects that the trial court found appellant indigent on two occasions, appointing counsel to represent him prior to the adjudication hearing and again on appeal. The court also granted appellant's request for a free record on appeal. Once an accused is found to be indigent, he is presumed to remain so through the proceedings absent proof of a material change in his circumstances. Tex. Code Crim. Proc. art. 26.04(p); *Mayer,* 309 S.W.3d at

557. Nothing in the record indicates a change in appellant's financial circumstances. Further, the record contains no determination by the trial court that appellant has the ability to pay attorney's fees, and we find no factual basis in the record to support such a determination.

When the evidence does not support the order to pay attorney's fees, the proper remedy is to delete the order. *Mayer,* 309 S.W.3d at 557. We, therefore, modify the judgment adjudicating guilt to delete the reference to the bill of costs for "Court Appointed Attorney Fee" and to delete the $400 attributed to court-appointed attorney's fees from the bill of costs. *See Ludlow v. State*, No. 03-11-00212-CR, 2012 WL 104469, at *1 (Tex. App.—Austin Jan. 11, 2012, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees from bill of costs before affirming conviction in frivolous appeal under *Anders*); *Nelson v. State*, No. 03-11-00022-CR, 2011 WL 5504935, at *2 (Tex. App.—Austin Nov. 9, 2011, no pet.) (mem. op., not designated for publication) (modifying judgment by deleting attorney's fees before affirming conviction in frivolous appeal under *Anders*).

Modified as described above, the trial court's judgment adjudicating guilt is affirmed.

 

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Modified and, as Modified, Affirmed

Filed: May 16, 2019

Do Not Publish