

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1268-11

**EX PARTE BRAD REINKE, Appellant**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS TRAVIS COUNTY

**JOHNSON, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

In 1990, appellant stabbed his father. The state prosecuted him for attempted murder, a second-degree felony, which is punishable by a term of imprisonment ranging from two to twenty years. The state also alleged two prior felony convictions as enhancements, which would permit, upon conviction and a finding that the enhancements were true, a term of imprisonment of up to 99 years or life. Before trial, appellant was declared incompetent and committed to a mental-health facility, where he has remained for more than twenty years.

In 2010, appellant filed an application for a writ of habeas corpus on the grounds that he had been in the mental-health facility for 20 years–the "maximum term provided by law for the offense"

of attempted murder–and was therefore entitled to release. The state opposed granting relief and asserted that, because of the enhancements alleged in the original indictment, the "maximum term" is imprisonment for life and appellant is therefore not entitled to release. The trial court denied relief, and appellant appealed. The Third Court of Appeals reversed the ruling of the trial court.

Although we have previously addressed the interplay between level of offense and enhanced punishment ranges, we have not spoken directly to that issue in the context of Texas Code of Criminal Procedure article 46B.0095: Maximum Period of Commitment or Outpatient Treatment Program Participation Determined by Maximum Term for Offense. We affirm the judgment of the court of appeals.

## The Statute

In 2010, Art. 46B.0095 stated that

(a) A defendant may not, under this chapter, be committed to a mental hospital or other inpatient or residential facility, ordered to participate in an outpatient treatment program, or subjected to both inpatient and outpatient treatment for a cumulative period that exceeds the maximum term provided by law for the offense for which the defendant was to be tried, except that if the defendant is charged with a misdemeanor and has been ordered only to participate in an outpatient treatment program under Subchapter D or E, the maximum period of restoration is two years beginning on the date of the initial order for outpatient treatment program participation was entered.
(b) On expiration of the maximum restoration period under Subsection (a), the defendant may be confined for an additional period in a mental hospital or other inpatient or residential facility or ordered to participate for an additional period in an outpatient treatment program, as appropriate, only pursuant to civil commitment proceedings.[1]

The phrase at issue here is "maximum term provided by law for the offense for which the defendant was to be tried."

## The Arguments of the Parties

---

[1] In 1990, the Code of Criminal Procedure art. 46.02, § 7, provided that if a defendant was "found incompetent to stand trial and there is no substantial probability that he will become competent in the foreseeable future," the trial court was to transfer the defendant to the appropriate court for civil commitment proceedings.

Appellant argues that the statute is unambiguous and that our previous decisions in *Ford* and *Webb*[2] apply, thus "the maximum term provided by law for the offense for which the defendant was to be tried" means the maximum term for a second-degree felony, i.e., twenty years.

The state "contends [that] all the provisions it relies on are unambiguous while it analyzes in a fashion usually reserved for ambiguity." It also complains that the court of appeals "conflates the felony level of the statutory offense with the punishment for the particular offense on trial" and also conflates guilt and punishment, saying that "punishment is tried when the State has to prove beyond a reasonable doubt that the historic fact of prior convictions is true" and cites to *Williams v. State*, 5 S.W.2d 514, 515 (Tex. Crim. App. 1928).

**The Decision of the Court of Appeals**

Focusing on the literal text of the statute, the court of appeals described its task as determining "whether the 'maximum term' language refers to the sentence specified for the offense itself, without additional time incorporated for enhancements, or the total length of punishment that the defendant might have received, including enhancements." *Reinke v. State*, 348 S.W.3d 373, 377 (Tex. App.—Austin 2011). Noting that "Texas cases have not addressed the application of article 46B.0095 in the face of an offense enhanced by prior felonies," it rejected the state's argument that the "maximum term" includes the increase in the permissible range of punishment that results from enhancements that are found to be true. *Id*. at 378. "Such an interpretation would be contrary to the statute's plain language, which correlates calculation of an accused's 'maximum term' of commitment not to the total potential punishment, but to the indicted offense . . . 'the maximum term

---

[2] *Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011) (TEX. CODE CRIM. PROC. art. 62.102(c) increases range of punishment but does not change the offense level of the primary offense) and *State v. Webb*, 12 S.W.3d 808 (Tex. Crim. App. 2000) (same, in the context of TEX. PENAL CODE §§ 12.35 and 12.42).

provided by law for the offense for which the defendant was to be tried.'" *Id*. at 379. The court of appeals noted the "well-established principle that prior offenses alleged to enhance punishment are not re-tried" and stated that "[t]he only 'offense for which the defendant was to be tried' in this case was a second-degree felony that carried a statutory maximum punishment term of twenty years." *Id.* at 379.

We hold that the court of appeals correctly determined that the offense "to be tried" is the second-degree offense of attempted murder, which carries a maximum term of twenty years. In doing so, it appropriately followed the dictates of our decisions in *Ford* and *Webb*. The legislature clearly knows the difference between enhancing the level of an offense and enhancing the level of punishment. *Compare* the language "is a felony of the ___ degree" in § 49.07 (Intoxication Assault: "Except as provided in Section 49.09, an offense under this section is a felony of the third degree") and § 49.09(b-4) ("An offense under Section 49.07 is a felony of the second degree if . . ..") with the language in § 12.42 (passim), "shall be punished for a felony of the _____ degree ."). We hold that, for the purpose of competence to be tried, unless the legislature explicitly states that an enhancement increases not only the punishment range but also the level of the charged offense,[3] the level of the offense alleged in the indictment is not altered by the allegation of prior offenses as enhancements.[4]

We affirm the judgment of the court of appeals.

---

[3] We note that, for offenses such as felony theft (3d) and felony DWI, the prior offenses that must be alleged are not "enhancements," but jurisdictional elements of the offense itself.

[4] The state's position requires an assumption that all enhancement allegations will always be found true. But if the fact-finder finds one or more enhancement allegations not true, the "maximum term" might change. E.g., if the state alleges a third-degree felony and pleads two enhancements, the "maximum term" could be ten, twenty, or 99 years. This is an undesirable, even absurd, interpretation of the language that the state concedes is not ambiguous.

Delivered: June 20, 2012
Publish