

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00110-CR

_____

CODY LANG THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423904

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Cody Lang Thomas appeals his conviction for the state jail felony of theft. Thomas' appellate counsel has filed a brief which summarizes the record and reviews the proceedings in detail. After counsel's professional evaluation of the record, she has concluded that there are no arguable grounds to be advanced. Under the authority of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978), counsel seeks to withdraw from her representation of Thomas. After conducting our own review of the record, we find there is at least one matter which presents a genuinely arguable issue upon which Thomas may be entitled to relief. We grant counsel's request to withdraw from her representation of Thomas, and we abate this matter to the trial court for the appointment of new appellate counsel.

Originally charged with engaging in organized criminal activity, Thomas pled guilty to the lesser offense of theft of property valued at $1,500.00 or more, but less than $20,000.00, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2014). The State alleged two prior felony convictions to enhance Thomas' punishment range, and the trial court admonished Thomas that if he pled guilty to the theft as described, the state jail felony, he could face the punishment range for a second degree felony. This is where we question whether the record establishes Thomas was susceptible to that enhanced range of punishment.

Upon conviction of a state jail felony,[1] a defendant may be punished for a third degree felony if it is shown "the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a) . . . ." TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2014). That defendant may be punished for a second degree felony if he or she has "previously been finally convicted of two felonies other than a state jail punishable under Section 12.35(a)," the second of which occurred after the first such previous conviction became final. TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2014). There is a third subsection of Section 12.425 authorizing punishment for a second degree felony where the defendant has been convicted of a state jail felony that is susceptible to enhancement under Section 12.35(c). There is no suggestion, on the record before us, that the state jail felony to which Thomas pled guilty was susceptible to that enhancement. *See* TEX. PENAL CODE ANN. § 12.425(c) (West Supp. 2014).

The State failed to provide formal notice of the prior felony convictions it would use to seek an enhanced punishment range in the indictment or before the hearing at which Thomas entered his open plea to the lesser offense of theft. At that hearing, the trial court stated,

> [Y]ou and your attorney have been put at least on verbal notice that the State, if -- if they went to trial, would file a notice of their intention to seek an enhancement of the punishment range based on two alleged prior consecutive unrelated pen trips, non state jail. And if they were right about that, that would take the third-degree felony [for the indicted charge of engaging in organized criminal activity] -- if they had -- if one of those was right and only one, it would take the third

---

[1] A state jail felony is punishable by confinement in a state jail for not more than two years, and not less than 180 days. TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014). A state jail felony may be punished as a third degree felony if the defendant used or exhibited a deadly weapon, or had previously been convicted of a handful of enumerated felonies. TEX. PENAL CODE ANN. § 12.35(c) (West Supp. 2014). There is no suggestion in the record that any of Thomas' prior convictions were for any of these convictions. As will be discussed, the State proffered no formal evidence of exactly what specific offenses Thomas had been convicted.

degree, bump it to a second degree. If two of them were right, it would take the third degree and make it 25 to life.

The court then noted that the State would abandon the indicted offense of engaging in organized criminal activity, but that there was no other agreement as to punishment. The trial court continued,

> THE COURT: . . . . They [the State] would just be going forward with the straight state jail felony theft case.
> Now, what that does, though, with two prior -- if they're right about that, two prior penitentiary trips, non state jail, consecutive, then it would take the state jail and bump it to a second-degree felony. You understand that?
>
> [Thomas]: Yes, sir.

The court then advised Thomas of the penalty ranges for a state jail felony and a second degree felony, discussed the court's familiarity with Thomas' personal and criminal history,[2] and generally administered the statutorily required admonishments. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2014). After accepting Thomas' plea to the state jail felony of theft, the trial court inquired into the enhancement allegations:

> THE COURT: Is it true that prior to the commission of this offense you have been to the penitentiary, non state jail, two separate times?
>
> [Thomas]: Yes, sir.
>
> THE COURT: Was the second one -- the second trip to the penitentiary, was that a conviction that you obtained after the first one was final? You had already been to the penitentiary once and then you committed a new offense, went to the penitentiary again?
>
> [Thomas]: Yes, sir.

---

[2]The trial judge said he had been Thomas' fifth grade teacher, knew Thomas and his family, and had dined at the Thomas family home. There was no indication the trial judge had ever represented Thomas in criminal proceedings.

4

THE COURT: Okay. Then the Court will find the enhancement paragraphs that the State has put everybody on verbal notice -- and I think to make the record clear, they intend to file a written notice of their intention to seek enhancement. The Court will find that -- a couple of things -- or several things I should say.

The trial court then made findings Thomas' decisions in court had "been made freely, voluntarily, knowingly, and competently." Shortly thereafter, the trial court said to the State,

Mr. Morgan, he has entered a plea of guilty to the offense and a plea of true to the anticipated . . . what has been explained verbally as to what the State's intentions are to seek an enhancement, and he has pled true that it is, in fact, true that he has been to the penitentiary two separate times -- consecutive times for non-state-jail felony offenses.

The State then offered, and the trial court accepted, written plea admonishments signed by Thomas and a signed judicial confession. The plea papers noted that Thomas was pleading to the lesser offense of theft of property valued at $1,500.00 or more, but less than $20,000.00, and that the offense was a state jail felony punishable as a second degree felony. The judicial confession contained stock language admitting that the signing party was guilty of all acts alleged in the charging instrument "except those acts expressly waived by the State" and that he was "guilty of . . . any enhancement and habitual allegations set forth in the Indictment, if any." After various other discussions and admonishments, the trial court accepted Thomas' plea of guilty and found the evidence sufficient to support a finding of guilt, but deferred any finding of guilt. Further, the trial court stated, "I will find it true, based upon your plea, that you have two prior non-state-jail-felony convictions which would enhance the punishment range here to 2 to 20, and so that's what's in play here." The trial court then set the matter for sentencing, about three weeks later.

5

At the punishment hearing, the State announced it had filed an "on-paper, in-writing notice of the State's intent to enhance the punishment range . . . ." That notice alleged the following prior convictions:

> Prior to commission of the offense in the indictment, defendant was finally convicted of the felony offense of Escape While Arrested, on 18th day of August, 2004, A.D., in the 402nd District Court of Wood County, Texas.
> Prior to commission of the offense in the indictment, defendant was finally convicted of the felony offense of Burglary of a Building, on 24th day of June, 2010, A.D., in Cause Number 0921040 on the docket of the 8th Judicial District Court of Hopkins County, Texas.

The trial court then questioned Thomas about the enhancement allegations:

> THE COURT: And let's look at that second paragraph. That's the escape charge in Wood County. Is that one of the felony convictions that you pled true to being convicted of and having been sent to the penitentiary?
>
> [Thomas]: Yes, sir.
>
> THE COURT: Okay. The next one is burglary of a building. Now --
>
> [Prosecutor]: It's enhanced, Judge.
>
> THE COURT: It was an enhanced state jail?
>
> [Prosecutor]: Yes, sir.
>
> THE COURT: Okay.
>
> [Thomas]: Did three years TDC.
>
> THE COURT: I was thinking that was right. I was thinking it was a state jail but you had two prior state jails, so that made what would otherwise be a state jail a third degree, and you did three years TDC; is that correct?
>
> [Thomas]: Yes, sir.

6

THE COURT: Okay. And so those would be the two separate pen trips that you referred to when you pled true to, understanding that it takes the current state jail and makes it a second degree, correct?

[Thomas]: Yes, sir.

The State offered no judgments of prior convictions. When Thomas took the stand, the State cross-examined him about his criminal record. Thomas testified that he had been arrested and placed in Winnsboro's city jail when he escaped, leading to the Wood County conviction.[3] Thomas also said, again, that he had been sentenced to three years' confinement after being indicted for burglary of a building in 2010 and that the building was in Sulphur Springs.[4]

Escaping while "confined or lawfully detained in a secure correctional facility or law enforcement facility" is a third degree felony. TEX. PENAL CODE ANN. § 38.06(c) (West Supp. 2014).[5] Based on Thomas' testimony, the record strongly supports a conclusion he was convicted of a third degree felony, escape, in Wood County.

Burglary of a building is a state jail felony where the building is not a habitation. TEX. PENAL CODE ANN. § 30.02(c)(1) (West 2011). Based on the comments made at trial, and Thomas receiving a sentence of three years, it appears his 2010 Hopkins County conviction for burglary of a building was enhanced by prior convictions. *See* TEX. PENAL CODE ANN. § 12.425(a), (b).

---

[3]Thomas testified, "[I] was the only one in the jail at that time, and he asked me if I wanted to take the trash out, and he sent me out back by myself. . . . And I walked away."

[4]Thomas also admitted having been sentenced to one year and five months for burglary of a building in Cumby in 2004, but that offense does not appear to match the enhancement allegation.

[5]Escape is also a third degree felony if the escapee is "under arrest for, charged with, or convicted of a felony," but it is unclear from the record what Thomas was charged with in Wood County. *See* TEX. PENAL CODE ANN. § 38.06(c)(1) (West Supp. 2014).

As stated above, a state jail felony, such as the theft conviction for which Thomas was being sentenced, can be enhanced with two prior state jail felonies or two prior non-state jail felonies. *See* TEX. PENAL CODE ANN. § 12.425(a), (b). From the record, it appears the State alleged and proved (via Thomas' admissions) prior convictions for third degree escape and state jail burglary of a building. This combination would not provide for enhancement of the state jail theft felony to second degree felony range. Even if the burglary of a building had been sentenced as a third or second degree felony, that sentence would not have changed the classification of burglary of a building as a state jail felony. Statutes enhancing punishment ranges for the primary offense do "not increase the severity level or grade of the primary offense." *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012).

Based on the record before us, we find there is a genuinely arguable issue in Thomas' appeal. Specifically, the twenty-year sentence he was assessed in this case may not be authorized by law.[6] "When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that another attorney is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

---

[6]While it is true that a defendant's plea of true to enhancement allegations may relieve the State of its burden to prove those convictions, "there is an exception when 'the record affirmatively reflects' that the enhancement is itself improper." *Williams v. State*, 309 S.W.3d 124, 129–30 (Tex. App.—Texarkana 2010, pet. ref'd) (quoting *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006)).

We grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date:          March 2, 2015