

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00138-CR

_____

JAMIE LEE BLEDSOE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 12-0374X

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

After a trial at which Jamie Lee Bledsoe represented himself with the assistance of standby counsel,[1] Bledsoe was convicted of burglary of a building, enhanced by two prior felony convictions, and sentenced to twenty years' confinement. Bledsoe's appellate counsel has filed a brief which summarizes the record and reviews the proceedings in detail. After counsel's professional evaluation of the record, counsel has concluded that there are no arguable grounds to be advanced. Under the authority of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978), counsel seeks to withdraw from his representation of Bledsoe. After conducting our own review of the record, we find there is at least one matter which presents a genuinely arguable issue upon which Bledsoe may be entitled to relief. We grant counsel's request to withdraw from representation of Bledsoe, and we abate this matter to the trial court for the appointment of new appellate counsel.

Burglary of a building, other than a habitation, is a state jail felony and has a range of punishment of not less than six months to not more than two years. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011); *see also* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2014). Section 12.425, setting forth the penalties for repeat and habitual felony offenders on trial for a state jail felony, provides,

> If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous

---

[1]Standby counsel conducted voir dire and periodically thereafter assisted Bledsoe.

conviction having become final, on conviction the defendant shall be punished for a felony of the second degree.

TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2014). The State alleged two prior felony convictions to enhance Bledsoe's punishment range. Thomas pled "not true" to each enhancement. The State thereafter introduced State's Exhibits 50 and 51, which were admitted without objection. State's Exhibit 50 is a judgment of conviction for burglary of a building. State's Exhibit 51 is a judgment of conviction for possession of a controlled substance, a second degree felony. The jury found that

> the [enhancement] allegations herein are "True [sic], and that the defendant is the same person who, prior to the commission of said offense of Burglary of a Building, had been convicted of the offense of felony Burglary of a Building in Cause Number 08-0177X in the 71st Judicial District Court of Harrison County, Texas on the 26th day of January, 2009, and we further find that prior to the commission of that offense of Burglary of a Building the defendant had been convicted of the felony offense of Possession of a Controlled Substance in Cause Number 99-00124X in the 71st Judicial District Court in Harrison County, Texas on the 8th day of February, 2001 . . . .

The judgment for the burglary conviction indicates that the "Degree of Offense" is a second degree felony. However, the "Offense for which Defendant Convicted" portion of this judgment indicates "Burglary of Building-Enhanced," and the statute for the offense is listed as Section 30.02 of the Texas Penal Code. It, therefore, appears that Bledsoe was convicted of the state jail felony offense of burglary of a building, with the punishment range for that offense enhanced to that of a second degree felony. Statutes enhancing punishment ranges for the primary offense do "not increase the severity level or grade of the primary offense." *Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012).

3

Bledsoe contends that Section 12.425(b) of the Texas Penal Code does not authorize the use of his previous conviction for burglary of a building, enhanced, to enhance the state jail felony offense in this case. The State contends that Section 12.425(b) means that "any two sequential felony convictions that were not *punished* as State Jail Felonies may be alleged to enhance a State Jail Felony's punishment range to that of a Second Degree Felony." (Emphasis added). The State fails to cite any authority for this interpretation of the statute. Without commenting on the legal accuracy of either contention, we find that this is a genuinely arguable issue. We are specifically interested in briefing on whether the twenty-year sentence assessed against Bledsoe was authorized by law.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that another attorney is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

We grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issue presented here, as well as any other issues that warrant further development on appeal.

4

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

The current submission date of May 29, 2015, is hereby withdrawn. We will establish a new briefing schedule upon our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date: June 4, 2015