# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00548-CR
NO. 03-18-00549-CR

**Perry Wiley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY
### NOS. D-1-DC-17-202954 & D-1-DC-17-202955,
### THE HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Perry Wiley guilty of harassment of a public servant, *see* Tex. Penal Code § 22.11(a)(3), and obstruction or retaliation, *see id.* § 36.06(a)(1)(A). Appellant pled true to an enhancement paragraph in each of the indictments, and, pursuant to the repeat offender punishment provision of the Penal Code, the jury assessed appellant's punishment at confinement in the Texas Department of Criminal Justice for twenty years for each offense. *See id.* § 12.42(c)(1). The trial court entered judgments in accordance with the jury's verdicts, ordering the sentences to be served concurrently. *See id.* § 3.03(b)(2)(A).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeals are frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*,

386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested access to the appellate record, and, pursuant to this Court's order, the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*, 436 S.W.3d at 321. Appellant requested an extension of time to file a response, which this Court granted. Appellant filed a pro se response but did not identify any meritorious grounds for appellate review.[1]

We have conducted an independent review of the record—including the record of the trial proceedings below, appellate counsel's brief, and appellant's pro se response—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record

---

[1] In his response, appellant presents various complaints relating to his appellate attorney's alleged conduct, the trial court's alleged actions, and his trial attorney's alleged conduct. On this record, we cannot conclude that appellant's unsubstantiated contentions present non-frivolous issues or raise meritorious grounds for appellant review. *See McCoy v. Court of Appeals*, 486 U.S. 429, 436, 438 n.10 (1988) (describing frivolous issue as one that "lacks any basis in law or fact" and that "cannot conceivably persuade the court"); *see also Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (explaining that because record on direct appeal is undeveloped in most instances, collateral attack via application for writ of habeas is preferred vehicle for pursuing claim of ineffective assistance of counsel).

presents no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motion to withdraw is granted.[2]

However, through our independent review of the record, we note that the trial court's written judgments of conviction contain non-reversible errors.

First, the judgment of conviction for harassment of a public servant states that the "Statute for Offense" is "PC 22.11(b)." This statutory provision establishes that the offense of harassment of a public servant is a third-degree felony. However, the applicable statutory provision for the harassment offense for which appellant was convicted is section 22.11(a)(3) of the Penal Code, the statutory provision that defines the offense of harassment of a public servant as charged in this case. Similarly, the judgment of conviction for obstruction or retaliation states that the "Statute for Offense" is "PC 36.06(c)." This statutory provision establishes that the offense of obstruction or retaliation is, generally, a third-degree felony. However, the applicable statutory provision for the obstruction or retaliation offense for which appellant was convicted is section 36.06(a)(1)(A) of the Penal Code, the statutory provision that defines the offense of obstruction or retaliation as charged in this case.

---

[2] Appointed counsel certified to this Court that he advised appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous. In addition, appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*. Nevertheless, appointed counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which mandates that counsel send appellant a copy of this Court's opinion and judgment along with notification of his right to file a pro se petition for discretionary review within five days after this opinion is handed down. *See* Tex. R. App. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). The duty to send appellant a copy of this Court's decision is an informational one, not a representational one. *See In re Schulman*, 252 S.W.3d at 411 n.33. It is ministerial in nature, does not involve legal advice, and exists after this Court has granted counsel's motion to withdraw. *See id.*

3

Second, each judgment states that appellant was convicted of a second-degree felony. However, the offense of harassment of a public servant is a third-degree felony, *see* Tex. Penal Code § 22.11(b), and the offense of obstruction or retaliation, as charged in this case, is a third-degree felony, *see id.* § 36.06(c). While appellant pled true to the enhancement paragraph of each indictment, which alleged a prior felony conviction and resulted in appellant being punished as a repeat offender, *see id.* § 12.42(c)(1), the punishment range, not the degree of offense, was enhanced. *See Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (noting Court of Criminal Appeals' prior recognition "that Penal Code Section 12.42 increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense"); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012) (drawing distinction between "enhancing the level of the offense and enhancing the level of punishment"). Thus, the trial court's judgments of conviction, which state that the offense of conviction is a second-degree felony, are erroneous. Each judgment should reflect that appellant was convicted of a third-degree felony.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction for harassment of a public servant to reflect that the "Statute for Offense" is "PC 22.11(a)(3)" and the "Degree of Offense" is "3rd degree felony." We modify the judgment of conviction for obstruction or retaliation to reflect that the "Statute for Offense" is "PC 36.06(a)(1)(A)" and the "Degree of Offense" is "3rd degree felony."

As so modified, the trial court's judgments of conviction are affirmed.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Modified and, as Modified, Affirmed

Filed:   January 31, 2020

Do Not Publish