# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00487-CR

**Corey Chandler, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 167TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-18-904055, THE HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Corey Chandler was convicted by a jury of sexual assault. *See* Tex. Penal Code § 22.01(a)(1). The jury found the enhancement paragraph alleging a prior felony conviction to be true and, pursuant to the repeat offender punishment provision of the Penal Code, assessed his punishment at confinement for twelve years in the Texas Department of Criminal Justice. *See id.* § 12.42(b).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Appellant requested access to the appellate record, and pursuant to this Court's order, the clerk of the trial court provided written verification to this Court that the record was provided to appellant. *See Kelly*, 436 S.W.3d at 321. Appellant requested an extension of time to file a response, which this Court granted, and appellant filed three pro se responses.[1] However, appellant did not identify any arguable grounds for appeal in his responses.[2]

We have conducted an independent review of the record—including the record of the trial proceedings below, appellate counsel's brief, and appellant's pro se responses—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*,

---

[1] Initially, appellant submitted a handwritten response. Three weeks later, he submitted a typed response. After submission, he filed an amended response. Our review included all three responses.

[2] In his responses, appellant complains about purported error during jury selection, contending that a juror was erroneously excluded from the jury and maintaining that questioning by the prosecutor constituted an improper commitment question. He asserts that he received ineffective assistance of counsel on appeal because appointed counsel filed an *Anders* brief and did not raise the issues that appellant identified concerning the alleged error during jury selection. He also asserts that he received ineffective of trial counsel, relating to purportedly erroneous omissions in the jury charge (of an instruction regarding an element of assault by strangulation and an article 38.23 instruction, *see* Tex. Code Crim. Proc. art. 38.23(a), concerning his inculpatory statements to police), the admission of previously redacted statements in a medical report, counsel's failure to object to appellant's reindictment, and counsel's failure to call additional punishment witnesses. Further, appellant complains about the purported denial of a pretrial motion to suppress the inculpatory statements that he made to police based on his contention that the affidavit underlying the arrest warrant lacked probable cause. Finally, he complains about the denial of his right to cross-examine the DNA analyst, who appeared at his trial and testified, and suggests a *Brady* violation, *see Brady v. Maryland*, 373 U.S. 83 (1963), because the State's sought a previous continuance based on the analyst's unavailability.

2

178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

However, through our independent review of the record, we note that the trial court's written judgment of conviction contains non-reversible error. The judgment states that appellant was convicted of a first-degree felony. However, the offense of sexual assault is a second-degree felony, *see* Tex. Penal Code § 22.011(f). While the jury found the enhancement paragraph of the indictment, which alleged a prior felony conviction, to be true and punished appellant as a repeat offender, *see id.* § 12.42(b), the punishment range, not the degree of offense, was enhanced. *See Ford v. State*, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011) (noting Court of Criminal Appeals' prior recognition "that Penal Code Section 12.42 increases the range of punishment applicable to the primary offense; it does not increase the severity level or grade of the primary offense"); *see also Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012) (drawing distinction between "enhancing the level of the offense and enhancing the level of punishment"). Thus, the trial court's judgment of conviction, which states that the offense of conviction is a first-degree felony, is erroneous. The judgment should reflect that appellant was convicted of a second-degree felony.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction for sexual assault to reflect that the "Degree of Offense" is "2nd degree felony."

As so modified, the trial court's judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Modified and, as Modified, Affirmed

Filed:  September 4, 2020

Do Not Publish

4