

# In the Court of Criminal Appeals of Texas

No. PD-0034-20

EX PARTE SULIA LAWRENCE BROWN,

*Appellant*

On State's Petition for Discretionary Review
From the Second Court of Appeals
Tarrant County

YEARY, J., filed a dissenting opinion.

I disagree with the Court's ultimate decision to dismiss the State's petition for discretionary review in this case as improvidently granted. I believe there is merit to the State's first ground for review; moreover, even if I thought the State's first ground lacked merit, I would remand the case to the court of appeals to address the State's second ground in

the first instance.  For these reasons, I respectfully dissent.

## I.  BACKGROUND

Appellant was accused of "delinquent conduct," namely, the offense of aggravated sexual assault of a child younger than fourteen, committed when he himself was only twelve years old. About two weeks after the State filed its petition for adjudication, the juvenile court found Appellant unfit to proceed, and all proceedings in the juvenile court were stayed. The State never subsequently sought grand jury approval to assess a determinate sentence, as required by Section 54.04(d)(3) of the Family Code. *See* TEX. FAM. CODE § 54.04(d)(3) (requiring grand jury approval of "delinquent conduct" petition that seeks determinate sentencing). When Appellant turned 18, while still never having been adjudicated in the juvenile system, the trial court transferred him to adult criminal court pursuant to Section 55.44(a) of the Family Code. *See* TEX. FAM. CODE § 55.44(a) (requiring juvenile court to transfer juvenile case to criminal court by the offender's 18th birthday if he has been found unfit to proceed in juvenile proceedings and remains so).

But Appellant has proven incompetent to stand trial as an adult as well, and he has remained in the custody of a mental-health residential facility. When Appellant reached his 19th birthday, he filed an application for writ of habeas corpus arguing that he may no longer be detained in the residential facility. Now that Appellant's case is pending in criminal court, the question of how long he may be detained in the interest of restoring competency to stand trial is governed by Article 46B.0095 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 46B.0095(a) (providing that an adult offender

may not be committed for purposes of competency restoration "for a cumulative period that exceeds the maximum term provided by law for the offense for which [he] was to be tried").

Appellant argued that, because the State never obtained grand jury approval of its petition seeking determinate sentencing as a juvenile offender, he could not be committed beyond his 19th birthday. *See* TEX. HUM. RES. CODE § 245.151(d) (requiring discharge of juveniles not subject to determinate sentencing "on the person's 19th birthday"). The State, in contrast, contended that the "maximum term provided by law" was forty years—the longest period of time he could be punished as an adult offender for aggravated sexual assault of a child (a first-degree felony) committed when he was a juvenile, under Section 55.44(b) of the Family Code. *See* TEX. FAM. CODE § 55.44(b) (limiting the punishment of a juvenile offender tried as an adult under Section 55.44(a) to the maximum he could have received as a determinate sentence had he been adjudicated while still in juvenile court).

The criminal district court agreed with the State's interpretation of Article 46B.0095(a), and it denied Appellant habeas corpus relief. The court of appeals reversed, however, agreeing with Appellant's argument that Appellant could not have been assessed a determinate sentence at all in the juvenile justice system in the absence of grand jury approval of the State's petition seeking an adjudication of delinquent conduct with a determinate sentence. *Ex parte Brown*, 591 S.W.3d 705, 712–13 (Tex. App.—Ft. Worth 2019).

We granted the State's petition for discretionary review in order to determine how Article 46B.0095(a) should apply in these

circumstances. And it is unclear to me, now, what was so "improvident" about our having granted the State's petition in the first place.

## II. THE STATE'S FIRST GROUND FOR REVIEW[1]

### A. Article 46B.0095(a), Code of Criminal Procedure

Article 46B.0095(a) speaks expressly to the question of how long an adult criminal offender may be committed in the expectation that mental health treatment might restore his competency to stand trial. It answers that question in a fairly straightforward way, by prohibiting his commitment "for a cumulative period that exceeds the maximum term provided by law *for the offense* for which the defendant was to be tried[.]" TEX. CODE CRIM. PROC. art. 46B.0095(a) (emphasis added). This plainly refers to the high end of the range of punishment set out in the penal provision under which the adult offender was charged.

This Court practically said as much in *Ex parte Reinke*, 370 S.W.3d 387 (Tex. Crim. App. 2012). There, the Court unanimously held that enhancement provisions that affect only the punishment range, but do not raise the level of the offense charged, do not factor into the equation. *Id*. at 389. Thus, the word "offense," for purposes of applying

---

[1] The State's first ground for review reads, in its entirety:

> Article 46B.0095 of the Texas Code of Criminal Procedure allows for commitment of an incompetent defendant for the "maximum term provided by law for the offense for which the defendant was to be tried." The maximum term for a juvenile adjudicated for a first-degree felony offense is forty years if the State obtains grand jury approval for a determinate sentence. What, then, is "the maximum term provided by law" for determining the length of mental-health commitment for a juvenile who is accused of a crime severe enough to be determinate-sentence eligible but is found unfit to proceed before a grand jury could make a determinate-sentence finding?

the above-quoted language from Article 46B.0095(a), means the statutory provision under which the adult offender "was to be tried" if not for his incompetency to stand trial. Only when an enhancement provision actually elevates the grade of the offense, not just the punishment to which the offender is susceptible, does it affect "the maximum term provided by law for the offense for which the defendant was to be tried." *See id*. ("We hold that, for the purpose of competence to be tried, unless the legislature explicitly states that an enhancement increases not only the punishment range but also the level of the charged offense, the level of the offense alleged in the indictment is not altered by the allegation of prior offenses as enhancements.") (footnote omitted); TEX. CODE CRIM. PROC. art. 46B.0095(a). It is simply a matter of looking to the punishment provision of the penal statute and consulting Chapter 12 of the Penal Code, when appropriate, to identify the apex of the applicable range of punishment for the statutory offense for which the defendant would have been prosecuted, but for his incompetency.

## B.  Section 55.44(a), Family Code

In my view, Article 46B.0095(a) has the same straightforward meaning when applied to a still-incompetent juvenile offender who is transferred into the adult criminal justice system under Section 55.44(a) of the Family Code. TEX. FAM. CODE § 55.44(a). If he has not yet attained competency to be adjudicated for certain determinate-sentence eligible penal offenses by the time of his eighteenth birthday,[2] then his pending

---

[2] That is to say, those offenses enumerated in Section 53.045 of the Family Code as eligible for determinate sentencing, including the offense Appellant was alleged to have committed in the State's petition for

juvenile proceedings "shall" be transferred to a criminal court.[3] Then, under Subsection (b) of Section 55.44, the criminal court "shall . . . institute proceedings under Chapter 46B" of the Code of Criminal Procedure—the clear implication being that, should his competency eventually be restored pursuant to that chapter, he may then "stand trial," just like an adult offender, for the offense that he had committed as a juvenile. TEX. FAM. CODE § 55.44(b).[4]

---

adjudication, namely, aggravated sexual assault of a child younger than 14 under Section 22.021 of the Penal Code. TEX. FAM. CODE § 53.045(5); TEX. PENAL CODE § 22.021(a)(1)(B).

[3] Section 55.44(a) of the Family Code reads:

(a)  The juvenile court shall transfer all pending proceedings from the juvenile court to a criminal court on the 18th birthday of a child for whom the juvenile court or a court to which the child's case is referred has ordered inpatient mental health services or residential care for persons with an intellectual disability if:

(1)  the child is not discharged or currently on furlough from the facility before reaching 18 years of age; and

(2)  the child is alleged to have engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045 and no adjudication concerning the alleged conduct has been made.

TEX. FAM. CODE § 55.44(a). Section 53.045(a)(5) of the Family Code lists aggravated sexual assault among the penal offenses that may constitute delinquent conduct for purposes of this provision. TEX. FAM. CODE § 53.045(a)(5).

[4] Section 55.44(b) of the Family Code, in turn, reads:

Once the incompetent determinate-sentence-eligible juvenile offender has been transferred into criminal court, there is nothing in the language of Article 46B.0095(a) even to *suggest* that it should operate any differently in making the determination of how long he may be committed in the interest of obtaining competency to stand trial as an adult offender. The answer to that question remains purely a function of "the maximum term provided by law *for the offense* for which he was to be tried" had he been competent. TEX. CODE CRIM. PROC. art. 46B.0095(a) (emphasis added). The maximum term provided by law for the offense for which Appellant was to be tried—aggravated sexual assault of a child under fourteen years of age—is 99 years to life. *See* TEX. PENAL CODE § 22.021(e) (aggravated sexual assault of a child is a first-degree felony); *id*, § 12.32(a) (identifying the high end of the range of punishment for a first-degree felony as "life or for any term of not more than 99 years").

### C. Section 54.02, Family Code

But does Section 54.02 of the Family Code somehow affect this

---

(b) The juvenile court shall send notification of the transfer of a child under subsection (a) to the facility. The criminal court shall, before the 91st day after the date of the transfer, institute proceedings under Chapter 46B, Code of Criminal Procedure. If those or any subsequent proceedings result in a determination that the defendant is competent to stand trial, the defendant may not receive a punishment for the delinquent conduct described in Subsection (a)(2) that results in confinement for a period longer than the maximum period of confinement the defendant could have received if the defendant had been adjudicated for the delinquent conduct while still a child and within the jurisdiction of the juvenile court.

TEX. FAM. CODE § 55.44(b).

straightforward application of Article 46B.0095(a) to Appellant's case because he was only twelve years old at the time that he committed his determinate-sentence-eligible offense? *See* TEX. FAM. CODE § 54.02 (governing the juvenile court's waiver of jurisdiction and discretionary transfer of a juvenile offender to district court for criminal proceedings). Both the district court and the court of appeals in this case alluded to Section 54.02 of the Family Code for the proposition that Appellant simply could not be assessed the same punishment as an adult, since he could never have been transferred to the criminal court's jurisdiction pursuant to that Section. *See* Findings of Fact and Conclusions of Law of the District Court, at 6 (observing that Appellant was too young an offender to be eligible to be certified as an adult and transferred to criminal court under Section 54.02, Subsections (a)(2), (h), & (j)(2) of the Family Code); *Brown*, 591 S.W.3d at 708 (citing Section 54.02 for the proposition that Appellant's "age alone kept him from ever being tried as an adult"); *see also* State's Brief at 18 n.1 (arguing that Appellant may not receive the maximum adult penalty for a first-degree felony because of the operation of Section 54.02).

The answer is no. Section 54.02 has no effect. Nothing in Section 54.02 of the Family Code explicitly prohibits punishing a twelve-year-old determinate-sentence-eligible juvenile offender as an adult offender, as the courts below believed. It simply prohibits a juvenile court from waiving its jurisdiction over such a juvenile offender and exercising its discretion to transfer him to adult criminal court for trial.

But the juvenile court did not exercise discretion to transfer Appellant to the jurisdiction of the criminal court pursuant to Section

54.02. Instead, Appellant's transfer to criminal court was *mandated* by Section 55.44(a). The limitations of Section 54.02 simply have no application in this context. It is true, of course, that Section 55.44(b) places its *own* limitation on the punishment of a juvenile offender who has been transferred into criminal court pursuant to its own provisions, as I explain in the next section. But Section 55.44(b) does not prohibit punishing him as an adult *altogether*, as Section 54.02 does; and its limitation (on his transfer to adult court for regular criminal proceedings, as opposed to on the possible range of punishment he may receive) is *not* based on the fact that *he was only twelve years old at the time of the offense.*

### D. Section 55.44(b), Family Code

Under Section 55.44(b), the determinate-sentence-eligible juvenile offender who is transferred to criminal court under Section 55.44(a), and later attains competency to stand trial and is tried and convicted in criminal court, may not be punished *to the full extent* of a comparable adult offender. Subsection (b) of Section 55.44 of the Family Code provides that he "may not receive a punishment" for the determinate-sentence-eligible offense he committed as a juvenile "that results in confinement for a period longer than the maximum period of confinement [he] could have received" had his offense been adjudicated while he was still in the juvenile court. TEX. FAM. CODE § 55.44(b). Accordingly, the State argues that Appellant may be committed for up to forty years, which is the longest period of time he could possibly be confined as punishment for a first-degree felony under a determinate sentence as a delinquent juvenile offender. TEX. FAM. CODE §

54.04(d)(3)(A)(ii).[5] The State's argument thus mistakenly presupposes that Section 55.44(b) "provides" the "law for the offense" for which Appellant "was to be tried," as a function of Article 46B.0095(a).

Appellant shares this mistaken presupposition. But he argues that the forty-year maximum sentence under Section 54.04(d)(3)(A)(ii) is conditioned by Section 54.04(d)(3) upon a grand jury approval of the petition for adjudication of the juvenile. *See* TEX. FAM. CODE § 53.04(a) (providing for a petition for an adjudication hearing for a child alleged to have engaged in delinquent conduct); § 53.045(a)(5) (authorizing the prosecutor to refer a petition alleging aggravated sexual assault to the grand jury); § 54.04(d)(3) (requiring grand jury approval of a Section 53.045 petition before authorizing the prosecutor to pursue determinate-sentencing punishment under Section 54.04(d)(3)(A)). Because there was no grand jury approval of the petition in this case, Appellant argues, the forty-year maximum period that the State argues he could be confined for, under Section 55.44(b), exceeds "the maximum period of confinement [he] could have received" had he "been adjudicated for the delinquent conduct while still a child and within the jurisdiction of the juvenile court." TEX. FAM. CODE § 55.44(b). The court of appeals essentially endorsed this argument. *Brown*, 591 S.W.3d at 712–13.

But that presupposition is unwarranted. The issue is not what punishment he "could have received" in juvenile court, had he never been transferred to criminal court but was instead timely adjudicated in the juvenile court system. He is no longer in juvenile court. Appellant

---

[5] Under this provision, a juvenile court may assess a determinate sentence of "not more than 40 years if the [delinquent] conduct constitutes . . . a felony of the first degree[.]" TEX. FAM. CODE § 54.04(d)(3)(A)(ii).

has not attained competency under Chapter 46B of the Code of Criminal Procedure, and, according to the parties, he probably never will. Now that he has been transferred to criminal court, the question is only how long he may be committed, in the interest of attaining competency, to be tried there—*as an adult*. Article 46B.0095(a) of the Code of Criminal Procedure answers that question in the same way for the juvenile offender who has been mandatorily transferred to adult criminal court under Section 55.44(a) as it does for the ordinary adult offender: by reference to "the maximum term provided by law *for the offense* for which" the formerly juvenile offender "was to be tried[,]" albeit pursuant to his transfer to the adult system under Section 55.44(a) of the Family Code—here, 99 years to life. (emphasis added).

It would be inconsistent with the language of Article 46B.0095(a) to tie the limit of Appellant's confinement for purposes of attaining competency (as the court of appeals did) to the length of time that he as a unique individual—in this case an offender who committed his offense as a 12-year-old juvenile—could be sentenced to serve for the offense for which he was to be tried. This Court seems to have previously rejected that approach to the meaning of Article 46B.0095(a). *See Reinke,* 370 S.W.3d at 389 (deciding that the level of the offense is not altered by punishment enhancement provisions that merely alter the range of punishment in a given case.). And the court of appeals seems to have failed to understand the proper import of that decision in the context of this case.

Just as we would not consider sentence enhancements for adult offenders, we should not consider sentence limitations for juvenile

offenders. Unless a provision changes the actual level or grade of the offense, what matters is the objective limits provided by law for "the offense" for which the person was to be tried. Courts need not struggle to find the limits or the potential enhancements of punishment that might be imposed on any unique, individual offender. They only need to resort to the range of punishment provided by law *for the offense* at issue.

And it simply does not matter whether a grand jury has approved the charges brought against Appellant in the juvenile delinquent-conduct petition. *See* TEX. FAM. CODE § 54.04(d)(3) (requiring grand jury approval of a juvenile petition seeking determinate sentencing for Section 53.045 offenses). Should he ever attain competency to stand trial in the adult criminal court for his determinate-sentence-eligible offense, and the State should commence to put him to trial, he may *then* invoke his right under Article II, Section 10 of the Texas Constitution to be tried only on an indictment returned by a grand jury. *See* TEX. CONST. art. I, § 10 ("and no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury"). For now, the question is simply how long he may be committed in order to attain his competency to be tried in criminal court in the first place. Article 46B.0095(a) answers that question without reference to any provision of the Family Code, including Section 54.04(d)(3)'s requirement of grand jury approval for a juvenile delinquency petition that alleges a determinate-sentence-eligible offense listed in Section 53.045 of the Family Code. The district court did not err to deny habeas corpus relief in this case, and this Court should reverse the judgment of the court of appeals that it did.

### III.  THE STATE'S SECOND GROUND FOR REVIEW[6]

Because I would affirm the district court's denial of habeas corpus relief on the basis of the State's first ground alone, I need not address the State's second ground for review. But if I were to reject the State's first ground, I would remand the case for the court of appeals to address, in the first instance, the *merits* of the State's second ground.

In its second ground, the State complains that the court of appeals failed even to address its secondary argument on appeal: that, under the circumstances, the State should be excused from obtaining grand jury approval, because the stay of the juvenile proceedings that the district court implemented because of Appellant's incompetency prevented the State from seeking grand jury approval of its petition for juvenile delinquent adjudication. State's Brief at 24. Indeed, the court of appeals expressly declined to address this argument. *See Brown*, 591 S.W.3d at 709 n.6 ("The parties dispute the stay's scope and whether the State could have worked around the stay with the juvenile court's permission, but we do not resolve those issues. Whatever the reason, the State did not obtain grand-jury approval.").

Rather than address the merits of this ground for the first time on discretionary review, the Court should remand the case with instructions to the court of appeals to address it in the first instance, subject to our discretionary review later, if necessary. It seems to me

---

[6] The State's second ground for review reads: "Should the Second Court of Appeals have considered the State's defense that it was prohibited from pursuing a determinate-sentence finding from the grand jury because the juvenile was found unfit to proceed and the judicial proceedings were stayed as a matter of law?"

that the proper resolution of the State's second ground is far from obvious. Under those circumstances, this Court has customarily declined to review an issue that the court of appeals did not resolve. *See Davison v. State*, 405 S.W.3d 682, 691–92 (Tex. Crim. App. 2013) (observing that, in its discretionary review capacity, this Court reviews "decisions" of the courts of appeals, and it does not ordinarily review issues not yet addressed in the lower appellate court, although "there are exceptions to this practice, and when the proper resolution of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy").

For these reasons, I respectfully dissent to the Court's dismissal of the State's petition for discretionary review as improvidently granted.

**FILED:**               October 12, 2022
**PUBLISH**