

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,581-02 & WR-82,581-03

### EX PARTE DARRELL W. DAVIS, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. C-4-W012195-1265894-B  & C-4-W012191-1262850-A
## IN THE CRIMINAL DISTRICT COURT NO. 4 FROM TARRANT COUNTY

**KELLER, P.J., filed a concurring opinion.**

### CONCURRING OPINION

In 2012, Applicant was convicted of a third-degree felony, enhanced with two prior felonies. The problem is that one of the two priors is a state-jail felony, and the question is whether using it for enhancement was allowable. I believe that it was not. A little history is in order.

In *State v. Webb*,[1] we explained that there are two types of state-jail felonies: non-aggravated (those punishable under § 12.35(a)), and aggravated (those punishable under § 12.35(c)).[2] We held

---

[1] 12 S.W.3d 808 (Tex. Crim. App. 2000).

[2] *Id.* at 811. All references to sections are to the Texas Penal Code unless otherwise noted.

that, even when a non-aggravated state-jail felony is enhanced under § 12.42,[3] it is still considered a non-aggravated state-jail felony, "punishable under § 12.35(a)."

In *Webb*, the defendant was convicted of possession of a controlled substance, a non-aggravated state-jail felony.[4] The State pled two enhancement paragraphs.[5] The first paragraph alleged two prior sequential felonies. If proven, the defendant would be "punished for a second degree felony" under § 12.42(a)(2).[6] The second paragraph alleged two additional prior sequential felonies which, if proven, would require that he be punished as a habitual offender under § 12.42(d).[7] In effect, the State tried to turn the non-aggravated state jail felony into a second-degree felony so that it could then be enhanced by other felonies, and Webb could be punished as a habitual offender.

But by its own terms, § 12.42(d) does not apply to "a state jail felony punishable under Section 12.35(a)."[8] The State in *Webb* contended that once a defendant's conviction was enhanced

---

[3] *Id.*

[4] *Id.* at 809.

[5] *Id.* at 810, 811 (quoting § 12.42(d) ("If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.")).

[6] *Id.* at 810 (quoting § 12.42(a)(2) ("If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.")).

[7] *Id.*

[8] *Id.* at 810 ("If it is shown on the trial of a felony offense *other* than a state jail felony punishable under Section 12.35(a) . . .") (emphasis added).

under 12.42(a)(2), the offense was no longer "punishable under § 12.35(a)," allowing the conviction to be further enhanced under § 12.42(d).[9]  We disagreed.[10]  We said that the State's construction failed to differentiate between an enhanced offense and enhanced punishment.[11]  We held that, regardless of the 12.42(a)(2) enhancement, the defendant was tried for a state jail felony punishable under § 12.35(a).[12]  The fact that his punishment, as opposed to the offense itself, was then subject to enhancement did not change that fact.[13]  That being so, § 12.42(d) was not applicable.[14]

In 2011, after *Webb* was issued but before Applicant'sprimary offenses were committed, the legislature added other language to § 12.42(d) saying that a state jail felony punishable under Section 12.35(a) could not be used to enhance punishment under that statute:[15]

> Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses...the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. *A previous conviction for a state jail felony punishable under Section 12.35(a) may not be used for enhancement purposes under this subsection.*[16]

---

[9]  *Id.* at 811.

[10]  *Id.*

[11]  *Id.*

[12]  *Id.*

[13]  *Id.*

[14]  *Id.*

[15] Acts 2011, 82nd Leg., ch. 834 (H.B. 3384), § 4.  The amendment applies only to offenses committed on or after the effective date of the Act.  *Id.* § 7.  The effective date of the Act was September 1, 2011, *id.* § 8, and the offenses in Applicant's two cases before us were committed on November 20, 2011 (-02 application) and December 2, 2011 (the -03 application).

[16]  § 12.42(d) (2011) (emphasis added).

So, under the new language, what *Webb* held with respect to the primary offense now applies also to enhancing priors. Presumably, the legislature was aware of *Webb* when it amended § 12.42(d).[17] And *Webb* has been relied upon by this Court in construing two diverse statutes outside the Penal Code.[18] It is logical to think that *Webb* would apply to the identical language added in the same statutory subsection that *Webb* construed. State jail felonies punishable under § 12.35(a) can neither be enhanced nor used to enhance under § 12.42(d), regardless of whether they have been enhanced under a different subsection of § 12.42.

In *Samaripas v. State*, we noted this 2011 amendment to § 12.42(d) and stated, in *dictum*, "Had [the defendant] committed the current offense after this amendment, it would not have been proper for his prior state-jail felony [that had been enhanced under § 12.42(a)(2)] to be used for enhancement."[19] A citation to *Webb* might have been helpful, but it was *dictum*, so perhaps the Court simply did not want to spend much time on it. Nevertheless, *Webb* existed at the time and fully supports the *Samaripas dictum*.

I join the Court's opinion.

Delivered: February 1, 2023
Publish

---

[17] *See Scott v. State*, 55 S.W.3d 593, 596 (Tex. Crim. App. 2001) ("We presume the Legislature was aware of this caselaw in drafting the provision now before us.").

[18] *See Ex parte Reinke*, 370 S.W.3d 387, 389 (Tex. Crim. App. 2012) (provision imposing "maximum term" limitation to commitment pursuant to a finding of incompetency); *Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011) (sex-offender-registration enhancement provision).

[19] 454 S.W.3d 1, 8 n.5 (Tex. Crim. App. 2014) (bracketed material added to explain context).